## Case No. 15,084.

### UNITED STATES v. FEIGELSTOCK.

[14 Blatchf. 321.] [1]

Circuit Court, S. D. New York.   Sept. 15, 1877.

INTERNAL REVENUE—WHOLESALE LIQUOR DEALER—SINGLE SALE—FORFEITURE.

1. Under section 3242 of the Revised Statutes, a person does not carry on the business of a wholesale liquor dealer without having paid the special tax as required by law, who, without having paid such special tax, sells, in quantities of not less than five wine gallons at one time, a single lot of spirits which he has taken for a debt.

2. Under that clause of section 3281 of the Revised Statutes which provides for the forfeiture of distilled spirits, the forfeiture does not operate when the statute is violated, but only at the time of the seizure of the spirits or wines.

[Error to the district court of the United States for the Southern district of New York.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[This was an action for forfeiture of fifty barrels of distilled spirits, Alois Feigelstock claimant. The judgment of the district court was in favor of the claimant. Case unreported. The case is now heard upon writ of error sued out by the United States.]

Roger M. Sherman, Asst. Dist. Atty.
Waldemar J. Tuska, for defendant in error.

JOHNSON, Circuit Judge. This case comes here upon a writ of error to the district court, to review its judgment, in an information of forfeiture, given upon the verdict of a jury against the plaintiffs, by direction of the judge, at the trial. A bill of exceptions, taken by the United States, presents the questions on which a reversal is asked. The first arises upon the facts, that one Kingston was a creditor of the Binghams, who were distillers in Patoka, Indiana, for goods sold, and for services rendered, and for money lent by him to them; that the spirits seized were, on the 10th day of May, 1875, sold and transferred by the Binghams to Kingston, on account of that indebtedness; that Kingston assumed control of the spirits, and procured them to be shipped from Patoka to the city of New York, and authorized Feigelstock, a wholesale liquor dealer, and the claimant, to sell the same on account of Kingston, in quantities of not less than five wine gallons at one time; and that Kingston did not pay the special tax payable, by the laws of the United States, by a wholesale liquor dealer. Upon these facts, it is claimed by the United States that the spirits seized were forfeited, under section 3242 of the Revised Statutes. But, the forfeitures created under that section are denounced against every person who carries on the business of a wholesale liquor dealer without having paid the special tax as required by law. This provision is found in chapter 3, of title 35, entitled "Special Taxes." Section 3232, which begins the chapter, enacts, that no person shall be engaged in, or carry on, any trade or business thereinafter mentioned, until he has paid a special tax therefor, in the manner thereinafter provided. Section 3244 provides, that "special taxes are imposed as follows: Fourth. Wholesale liquor dealers shall pay one hundred dollars. Every person who sells, or offers for sale, foreign or domestic distilled spirits, or wines, in quantities of not less than five gallons at the same time, shall be regarded as a wholesale liquor dealer." Taking the language of these sections together, it is plain, that those persons only are included who engage in, or carry on, a trade or business of liquor dealing, and that it does not apply to the case of an isolated sale. Even the definition of a wholesale liquor dealer, taken by itself, implies more than a single transaction—a trade or business of selling, as expressed in the other sections referred to. The case states a single transaction, in respect to a lot of spirits taken for debt, and that affords no ground to infer that this was in prosecution of any trade or business requiring the payment of a license under the statute.

No other question is presented which seems to me to need consideration, except that which arises upon section 3281. The Binghams carried on business, as distillers, with intent to defraud the United States of the tax on the spirits distilled by them, or of some part thereof, and, at that time, were owners of the spirits seized, as to which no fraud or illegality appears. Before the seizure the spirits had been sold to Kingston for an existing debt, and Feigelstock had made an advance upon them, in good faith, and they had been removed, under Kingston's direction, from Indiana to New York, to be sold by Feigelstock on Kingston's account. The forfeiture denounced by the section in question is, that "all distilled spirits or wines, * * * owned by such person, wherever found," shall be forfeited to the United States. The question is, whether the forfeiture operates at the time when the statute is violated, as the plaintiffs contend, or at time of the seizure, as the claimant insists.

This question has been decided adversely to the United States by the district court for the Southern district of New York, in the case now under review. A similar decision was made by the district court of Maryland, in April, 1876, in U. S. v. 100 Barrels of High Wines [Case No. 15,947], and, upon writ of error to the circuit court of the United States for that district, the judgment was affirmed, the circuit judge presiding. Under these circumstances, I think it suitable to follow those decisions without question; and I do so the more readily, because it leaves the case in a condition in which it may, if such is the pleasure of the United States, be reviewed with the least delay.

Let the judgment be affirmed.