### In re WOODARD.

(District Court, E. D. North Carolina. August 1, 1899.)

1. BANKRUPTCY—EXEMPTIONS—METHOD OF SETTING APART.

Courts of bankruptcy, in setting apart to bankrupts the exemptions allowed them by the laws of the state, must proceed in accordance with such laws; and where the law of the state exempts from execution personal property of a certain value, to be selected by the debtor, it is not permissible to allow the bankrupt to select a trifling amount of personal property, and receive the entire difference in cash from the trustee.

2. SAME—COSTS—FEES OF MARSHAL.

Three dollars a day, with actual and necessary expenses, is a reasonable and proper fee to be allowed to a deputy marshal for his services in taking an inventory, and otherwise assisting in the settlement of an estate in bankruptcy.

3. SAME—FEE TO BANKRUPT'S ATTORNEY.

Under Bankruptcy Act 1898, § 64b, providing that the court may allow a reasonable fee to the attorney for the bankrupt in involuntary cases "while performing the duties herein prescribed," no such allowance will be made in a case where it is not shown that the bankrupt has performed the duties laid upon him by the law, but where it appears, on the contrary, that he has been actively engaged in trying to defeat or delay the proceedings.

In Bankruptcy. On review of rulings of referee in bankruptcy.

H. L. Stevens, for bankrupt.

A. J. Feild, for petitioning creditors.

PURNELL, District Judge. The record certified for review presents several questions, some not raised by counsel; but, when the record in a case in bankruptcy is certified to the district judge, any manifest errors will be noticed, that the referees and other officers of the court, if they have fallen into error, may correct the same, if possible, and avoid like error in the future.

The first error in the record is that the bankrupt was allowed to take personal property to the value of $10, and it is recommended that the trustee pay him $490 in cash to make up to him the $500 personal property exemptions. This is not in accordance with the law. Section 6 provides the exemptions allowed by the laws of the state shall not be affected, and it has been settled the bankrupt courts will under this section follow and be bound by the decisions of the state court in this respect. Under article 10, § 1, Const. N. C., personal property to be selected by a debtor is exempt from sale under execution. He must select it, and no court has held he may take or demand $500 in cash. This would be to distort both the letter and spirit of the constitutional provision. Under certain circumstances, as in a stock of merchandise, after selecting the personal property not exceeding in value $500, when it is deemed to the interest of the estate, the bankrupt may, by agreement with the trustee, permit such property to be sold, with the

other goods, and receive, not the full amount of $500 in cash, but the pro rata his goods sold for or increased the sale of the other goods; in short, an equitable amount of cash. In re Richard, 94 Fed. 633, and cases cited. In this case, the goods having been sold, the referee and trustee should adopt some plan to correct the mistake, either by allowing the bankrupt to select from the inventory of property taken $500 in value, or giving him an equitable part of the proceeds of sale. This can be done to better advantage by those (the referee and trustee) on the ground than can be suggested by the court. The bankrupt courts can neither enlarge nor. diminish the exemptions allowed by the laws of the state, as already decided in this case. That is the law of this district until the court is reversed.

The charges of the deputy marshal for taking inventory, etc., are excessive, and will be reduced from five dollars to three dollars per day and actual and necessary expenses. One of the purposes of .the act of 1898 in establishing a uniform system of bankruptcy was to avoid what was the principal cause of the repeal of the bankrupt act of 1867,—excessive fees and great expense. This being so, the law should be administered at the minimum cost consistent with efficient service. This fee is reasonable and just, considering the fees fixed in the act for other officers of the court.

The recommendation of the referee of an allowance of $75 to the attorney for the petitioning creditors is approved, and this amount will be paid A. J. Feild, Esq., as such attorney, by the trustee.

The recommendation by the referee for an allowance of $50 as a fee for the attorney of the bankrupt is disapproved, and such allowance will not be made. Section 64b provides the court may allow a reasonable fee to the attorney for the bankrupt in involuntary cases "while performing the duties herein prescribed." There is no evidence before the court that the bankrupt has performed the duties prescribed. He made an assignment with preferences,— the act of bankruptcy complained of,—and has been actively engaged in trying to defeat. or delay the proceedings at every stage, and making the proceedings as expensive as possible. To make the allowance for the services of an attorney in this behalf does not seem to be contemplated in the act. The court has seen and heard nothing to warrant the exercise of the discretion in this behalf.