## In re LUBY.

### (District Court, S. D. Ohio, E. D.   April 20, 1907.)

### No. 1,490.

1. BANKRUPTCY—EXEMPTIONS—ALLOWANCE IN CASH.

When a bankrupt's exemption allowed by the state law for the benefit of the family will be defeated unless its allowance be in cash out of the proceeds of a sale, it will, if practicable, be ordered paid out of such proceeds.

2. SAME—OHIO STATUTE—PROPERTY IN LIQUORS.

The wife of an absconding bankrupt, who was not the owner of a homestead, but entitled under the law of Ohio to hold as exempt in lieu thereof real or personal property to the value of $500, and in case the property was incumbered by lien to claim and receive such sum out of the proceeds of its sale, is entitled to claim a homestead exemption of $500 out of the proceeds of the bankrupt's property, when sold by his trustee, where such property consisted of liquors which the wife could not dispose of without being subjected to the payment of taxes under the internal revenue law and the law of the state regulating the sale of liquors, which would render the exemption, if taken in property, of no practical value; and in such case the wife is entitled to the full amount of the exemption from such proceeds, although the property was sold for less than its appraised value.

## In Bankruptcy.   On review of decision of referee.

This case has been certified by the referee for decision as to the extent of the wife's right to an allowance in lieu of a homestead out of the proceeds arising from the sale of personal property. Edward Luby, his place of residence being unknown and incapable of ascertainment, was served by publication and duly adjudged an involuntary bankrupt. Neither he nor his wife being the owner of a homestead, and he having neglected and refused to demand an allowance in lieu thereof, his wife rightfully demanded in writing of the trustee in bankruptcy, before a sale was made of the bankrupt's property, that he set off to her, in lieu of a homestead, specified personal property to the amount of $500 in value. Subsequently she waived in writing the setting apart to her by the trustee of such personal property and assigned as a reason for so doing that the personal property, except glassware of the appraised value of $97.50, consisted entirely of wines, whiskies, and other intoxicating liquors of the kind which are described and meant to be included in section 4364-9 et seq., of the Revised Statutes of Ohio of 1906, commonly known as the "Dow Law," and which requires a trafficker in spirituous, vinous, malt, or other intoxicating liquors to pay an assessment upon his business of $1,000 per year. She also stated, as a further reason for waiving the setting apart of articles in kind to her, that she is not engaged in the business of trafficking in such liquors and could not dispose of the same to advantage or without great expense to her, and that the liquors would be of no value to her unless converted into money, and asked to be allowed the sum of $500 in cash out of the proceeds arising from the sale of the bankrupt's personal property. The assessment under the Dow law, with any increase thereof and penalty thereon, is made a lien as of the 4th day of May of each year on the real property on which the business of the trafficker in such liquors is conducted, and is payable, as other taxes, semiannually on or before the 1st days of June and December of each year, and if any person engage in such business in any year after the 4th day of May the assessment is proportionate in amount to the remainder of the assessment year, except that in no case is it less than $200, and is payable on the date of the commencement of such business. If any trafficker in the liquor business fail and neglect to pay the amount of the assessment due from him within the legally specified time, the county treasurer shall forthwith make such amount due, with all penalties thereon and 4 per cent. collection fees and costs, by distress and sale as on execution of any goods and chattels of such person. He shall

call at once at such person's place of business, and, if refusal to pay the amount due is made, he shall levy on the goods and chattels of such person, wherever found in the county, or on the bar fixtures and furniture, liquors, leasehold, and other goods and chattels used in carrying on such business, which levy shall take precedence over any and all liens, mortgage convey- ances, and incumbrances, on such goods and chattels used in carrying on such business, and any claim of property by any third person to such goods and chattels, and none of such parties shall be exempt from such levy so made by the treasurer. If the amount realized from a sale of such property be insufficient to satisfy the amount due, the residue shall be placed by the county auditor on the tax duplicate against the real estate on which such busi- ness is carried on, to be collected as other taxes and assessments, by action brought in the court of common pleas under the provisions of section 1104, Rev. St. Ohio, 1906. The phrase, "trafficking in intoxicating liquors," as used in the Dow law, means the buying or procuring and selling of intoxicating liquors otherwise than upon prescription issued in good faith by reputable physicians in active practice, or for exclusively known mechanical, pharmaceu- tical, or sacramental purposes, but does not include the manufacture of in- toxicating liquors from raw material, or the sale thereof at the manufactory by the manufacturer of the same in quantities of one gallon or more at any one time. It is conceded that Mrs. Luby was permitted, in lieu of a home- stead, to hold exempt from· levy and sale real or personal property, to be selected by her, her agent or attorney, at any time before sale,· not to exceed $500 in value, in addition to the amount of chattel property otherwise by law exempted. The bankrupt's stock of liquors sold for 37.062 per cent. of the appraised value. The referee held that Mrs. Luby was entitled, according to the law of Ohio, to her exemption in lieu of a homestead, but only to 37.062 per cent. of $500, to wit, $185.31. She thereupon excepted, and filed her pe- tition for review, and the case is here for decision.

Clarence S. Vandenbark, for claimant.
John J. Adams, for the trustee.

SATER, District Judge (after stating the facts as above). If liq- uors had been set off to Mrs. Luby as her allowance in lieu of a home- stead, she could not sell them at retail or wholesale without paying the special tax exacted by the internal revenue law and also the assessment imposed by the Dow law. This assessment is a tax (State v. Rouch, 47 Ohio St. 477, 25 N. E. 59), and would in any event be $200, and it might be much more. As she owns no real estate, she would, ·if she sold the liquors, also have to find a landlord who would be willing to have his property subjected to the lien imposed by the Dow law, be- ·cause the assessment provided by that law, until paid, rests as a lien on the real property in which the trafficker in liquor transacts his busi- ness. She would, in all probability, be required to pay an increased rental, whether she sold the liquors on the premises occupied by her as a residence or on premises other than those so occupied. If she should engage in the liquor business to realize on her property, and should default in the payment required by the Dow law, her prop- erty would be subject to seizure and sale for the assessment and penalties, free from any exemption on her part. Thus the property exempt from sale and execution under the homestead act for the pro- tection of the family would lose its freedom from levy and sale as against the assessment under the Dow law the instant she defaulted in the payment of her assessment as a trafficker in spirituous liquors. It is quite improbable, if she retailed the liquors, that she would be able to sell them all, unless to some degree she replenished her stock

from time to time to meet the demands of trade. If, having the liquors on hand, she formed an intent of retailing them, and carried out that intent by one or more acts, she would be either a retail or a wholesale dealer, according to the manner and extent of her sales. United States v. Bonham (D. C.) 31 Fed. 808; United States v. Rennecke (D. C.) 28 Fed. 847. It is true that in United States v. Feigelstock, 14 Blatchf. 321, Fed. Cas. No. 15,084, it was held that a single sale or transaction in respect to a lot of spirits taken for debt affords no ground to infer that it was in the prosecution of a business requiring the payment of a license as a wholesale liquor dealer; and in Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162, Mr. Justice Brown said, in a case arising under the internal revenue law, that "while it has been sometimes held that proof of selling to one person was at least prima facie evidence of criminality, the real offense consists in carrying on such business, and if only a single sale were proven it might be a good defense to show that such sale was exceptional, accidental, or made under such circumstances as to indicate that it was not the business of the vendor"—citing United States v. Jackson, 1 Hughes, 531, Fed. Cas. No. 15,455, and United States v. Feigelstock, supra. See, also, Rahter v. Lancaster First Natl. Bank, 92 Pa. 393. If Mrs. Luby were compelled to take liquors for her allowance in lieu of a homestead, and should by chance be able to dispose of them all at one sale and in one transaction, she would doubtless, on account of the exceptional nature of the transaction, be exempt from payment of the Dow law assessment and the internal revenue tax; but it is not shown that she could dispose of all the liquors in a single sale or transaction. Such an opportunity might or might not present itself. There is no assurance that it would do so, and if she were compelled to await such an opportunity, even though it might eventually offer itself, she might have to retain the goods in an unproductive and nonusable condition for an indefinite period.

Under the Ohio rule, a person not the owner of a homestead, but lawfully entitled to hold in lieu thereof, exempt from levy and sale, real or personal property to an amount not exceeding $500 in value, may, by making a proper demand, if such property be incumbered by a lien, receive out of the proceeds arising from a sale of the property, $500 in cash, or so much thereof as remains after the satisfaction of the lien and costs. Loveland on Bankr. (3d Ed.) 523, 524, announces that:

"If the property of the bankrupt is incumbered by liens, the court may order the property sold. The bankrupt will then be entitled to claim exemptions out of the fund arising from the sale of the equity of redemption, or to select property to the value allowed by the state law."

The text is sustained by In re May (decided by Judge Swing under the Ohio law) Fed. Cas. No. 9,326, 2 Bull. 152. In short, when the exemption will be defeated unless its allowance be in cash out of the proceeds of a sale, it will, if practicable, be ordered paid out of such proceeds. Under the circumstances of this case, the purpose of the exemption law would be substantially, and perhaps wholly, defeated, unless the allowance in lieu of a homestead be made in cash, because,

had the liquors been set off to Mrs. Luby, whenever she offered them for sale at retail or wholesale, by operation of law an assessment and a tax would be imposed, payment of which would absorb the whole or a large part, at least, of such chattel property, unless, perchance, she should dispose of it in a single transaction. A lien on real or personal property absorbs the value of the property subject to it, to the extent required to satisfy such lien. The assessment imposed by the Dow law and the special tax exacted by the internal revenue law would also absorb the value of property to the extent necessary to their payment. If, for the protection of the family, an allowance of $500 in lieu of a homestead may be allowed in cash out of the proceeds of a sale on account of an antecedent lien, it ought, in view of the liberal policy of the homestead law, to be allowed also in a case in which the property set aside to the claimant in lieu of a homestead cannot be made available as an asset without the attaching by operation of law of an assessment and a tax which will to a large extent, and perhaps wholly, absorb it. If property subject to a lien were set apart in lieu of a homestead, it would be liable to the satisfaction of the antecedent debt. If liquors had been set apart to Mrs. Luby in lieu of a homestead, and she should proceed to dispose of them, their value would be diminished by the amount of the Dow law assessment and a special tax under the internal revenue law, unless, by good fortune, the sale should be so made as to render available the possible defense suggested by the Ledbetter Case, supra.

No property had been set off to Mrs. Luby when she waived her claim to it in kind and asked for $500 in cash out of the proceeds of a sale of her husband's property; nor does In re Woodard (D. C.) 95 Fed. 955, apply, for in that case the property had been set off to the claimant, who thereupon entered into an agreement that it might be sold in the interest of her husband's estate, along with the residue of his property. In the case at bar the waiver of the selection of goods and the election to take cash out of the proceeds of a sale were concurrent. Mrs. Luby's action was in effect an amendment of her claim. Under proper circumstances amendments have been allowed, even though they withdrew from the creditors, in cash or otherwise, the whole or nearly the whole of the cash or property allowed by law to an exemption claimant, and also to correct mistakes of commission or due to ignorance of the technical requirements of the law, concerning which counsel fail to enlighten the claimant, although advised of the facts. In re Falconer, 110 Fed. 111, 49 C. C. A. 50; In re White (D. C.) 128 Fed. 513; In re Kaufmann (D. C.) 142 Fed. 898. In Sears v. Hanks, 14 Ohio St. 298, 84 Am. Dec. 378, it was held that: ·

"The humane policy of the homestead act seeks not the protection of the debtor; but its object is to protect his family from the inhumanity which would deprive its dependent members of a home. * * * And, in aid of this wise and humane policy, the whole act should receive as liberal a construction, as can be fairly given it."

In Hill v. Myers, 46 Ohio St. 183, 19 N. E. 593, it was said that:

"The homestead laws have an object perfectly well understood, in the promotion of which courts may well employ the most liberal and humane rules of interpretation"—citing Freeman on Co-Tenancy & Partition, § 54.

In view of the beneficent purpose of the homestead law, courts are averse to deprive claimants of its humane provisions, where the conditions imposed are such that the setting off of property in kind will be unavailing, or practically so. It was not known, when Mrs. Luby amended her claim, that the rights of others would be affected injuriously. If the property had sold at its appraised value, no complaint could legitimately have arisen. Had it realized more than its appraised value, the creditors would have been benefited. Unfortunately, the property sold at a small percentage of its appraisement; but, under the circumstances of this case, Mrs. Luby ought not, in my judgment, on that account to lose the exemption which the law allows. The case and its facts are unusual.

I am of the opinion that Mrs. Luby is entitled to $500 in cash in lieu of a homestead, and the referee is directed to proceed with the distribution of the bankrupt's estate in accordance with the foregoing.