## Case No. 15,455.

### UNITED STATES v. JACKSON.

[1 Hughes, 531.] [1]

Circuit Court, E. D. Virginia. April 13, 1875.

INTERNAL REVENUE—RETAILING LIQUORS—SPECIAL TAX.

Selling an occasional drink of spirits, out of a bottle, not in a bar-room, where no intention of defrauding the national revenues is apparent, is not "carrying on the business of a retail liquor dealer" without having paid the special tax, in contemplation of section 3242 of the Revised Statutes of the United States.

[Cited in U. S. v. Rennecke, 28 Fed. 848.]

The indictment was for violating section 3242 of the Revised Statutes, which declared (in 1875) that "every person who carries on the business of . . . a retail liquor dealer . . . without having paid the special tax as required by law, shall, for every such offence, be fined not less than one thousand dollars, nor more than five thousand dollars, and be imprisoned not less than six months, nor more than two years." Section 3244 declares that "every person who sells, or offers for sale, foreign or domestic spirits or wines. in less quantities than five wine gallons at the same time, shall be regarded as a retail dealer in liquors."

The proof before the jury was, that [Josiah] Jackson had no license; that a detective, sent by a revenue officer, had gone to his grocery on one occasion and called for a half pint of whisky and received it and paid for it, the revenue officer looking through the window and seeing the occurrence; that this same witness (whose veracity was impeached by a half dozen witnesses for the defence) had bought a small quantity of whisky on another occasion; that two other witnesses had on separate occasions bought drinks at the establishment, it having been poured out of a bottle into glasses for them; and that on these two occasions a woman had sold the liquor and not the accused. The defence proved by eight or ten witnesses, who all lived near the accused and had known him intimately for many years, that he was a man of excellent character, that he had not carried on the business of liquor dealer in their whole acquaintance with him; that they had on some occasions in-

quired for liquor at his grocery and could never get it; that he was·a member of the church in good standing. These witnesses nearly all concurred in saying that they knew the general character for veracity of the witness who had testified that he had bought whisky of Jackson himself, and that from that general reputation they would not believe said witness on oath. Most of these witnesses also proved that Jackson's wife had died two years before, and that no woman had since assisted him in his grocery.

HUGHES, District Judge. The court charges the jury that two acts were necessary to make up the offence under trial. First. Carrying on the business of retailing liquor in less quantities than five gallons, and, second, doing this without having paid the special tax required by law of retail liquor dealers. The statute, from the severity of the punishment imposed (this was before the amendment fixing a much lighter penalty), evidently did not intend to punish the offence of selling an occasional drink or bottle of liquor, an offence, the suppression of which it seemed to leave to the police or the local tribunes; but it contemplated the larger offence, really prejudicial to the revenues of the government, of carrying on the business of retailing liquor without the payment of the proper tax. This latter offence is a legitimate subject for the cognizance of a United States court; the other offence, which is one merely against the good order of society, is not within the legitimate objects of the jurisdiction of the national tribunals of justice. If they took cognizance of such offences they would interfere in affairs properly belonging to the cognizance of the local courts and police.

It is for the jury to decide how many sales, and what preparation and appointments of a bar-room are necessary, in each case, to constitute the offence of carrying on the business of retailing liquor; but the court is clear in instructing them that a few instances of selling liquor in small quantity by persons having no bar-rooms, and none of the usual appliances of retail liquor dealers, with no intention apparent of defrauding the national revenue, do not constitute a carrying on the business of retail liquor dealing, within the meaning and objects of section 3242 of the Revision.

I find that in the Western district of North Carolina, the United States circuit court there has established a standing order in accordance with these views in the following words: "No warrant shall be issued by a United States commissioner against a person charged with retailing distilled spirits or tobacco, unless the affidavit of information shall expressly state that such person has violated the revenue laws by frequently selling such articles."

The jury brought in a verdict of not guilty.