UNITED STATES *v.* RENNECKE and another.

*(District Court, W. D. South Carolina. 1886.)*

1. INTERNAL REVENUE—VIOLATION OF LAWS—RETAIL LIQUOR DEALER.
   One is engaged in the business of a retail liquor dealer, within the meaning of Rev. St. U. S. § 3242, if he has liquor on hand to be sold to any one who applies for it.

2. SAME—SINGLE ACT.
   Evidence of a single act of selling may be sufficient for conviction. The absence of a bar and other appliances should not weigh much in defense.

3. SAME—CARRYING ON RETAIL LIQUOR BUSINESS.
   Supplying a friend as a matter of accommodation merely, from liquor on hand for private use, is not carrying on the business, although money is received for it.

Indictment for Carrying on Retail Liquor Business without License.

*Mr. Younans,* Dist. Atty., for the United States.

*Mr. Cooke,* for defendants.

SIMONTON, J., *(charging jury.)* The defendants are indicted for the violation of section 3242 of the Revised Statutes, in that they carried on the business of retail liquor dealers without having paid the special tax. The question you must answer by your verdict is, did they *carry on the business* of retail liquor dealers? The sale of liquor on more than one occasion has been testified to by several witnesses. In answering this question regard must be had to the circumstances attending the sale. If the sale was under such circumstances as indicated that the defendants had the liquor on hand to be sold to any one who applied for it, then they may be said to have been engaged in the business, although but one act of selling has been proved. On the other hand, if they permitted a neighbor or friend to have a part

of the supply of whisky which they had on hand for their own use, and did this in a spirit of accommodation, they could not be said to be engaged in the business, even if they received money for this accommodation. *U. S.* v. *Jackson,* 1 Hughes, 532. In answering this question, you need not be influenced by the fact that no proof has been given that the defendants had no bar-room, nor the usual appliances of retail liquor dealers, although stress was laid upon this in the case in Hughes.

The cases which you have heard during this term show that the favorite mode of violating this law is by going about the country with a wagon, and by selling whisky out of a tin cup or by the bottle. Perhaps the best explanation of the term "being engaged in the business" is this: When a person has procured spirituous liquor with the intent to sell it out again in small quantities to any one who may' apply for it, or, having it on hand, determines to sell it out to any one who may apply for it, he must pay the special tax. If he does not, his attempt to carry out his intent is a violation of the law, for he is engaged in the business of retail liquor dealer without having paid the special tax.