UNITED STATES *v.* BONHAM.

(*District Court, D. South Carolina.   August 1, 1887.*)

1. INTOXICATING LIQUORS — BUSINESS OF RETAILING—ACTS CONSTITUTING OFFENSE.

    To constitute the offense of carrying on the business of a retail liquor dealer without having paid the special tax, the accused must have procured the liquor sold with intent to retail it, or, having it on hand, formed the intent to retail it, and carried out that intent by one or more acts.   It is not enough that, having the liquor on hand for his own use he let others have it as a matter of kindness or neighborly feeling, although he took money from them for the accommodation.

2. SAME—SALE BY AGENT—WIFE AND CONCUBINE.

    The presumption that a wife who, on her husband's premises, and in his presence, and with his knowledge, makes illegal sales at retail of intoxicating liquors, does so as his agent, does not attach to such sales so made by a woman living with a man as his concubine; and, to authorize the conviction of the man for such sales by the concubine, the jury must be satisfied, from the evidence, that she was acting as the agent of the accused when she made the sales.

Indictment for Unlawful Retailing of Liquor.

*Mr. Youmans*, Dist. Atty., for the United States.

*M. L. Bonham, Jr.*, for defendant.

SIMONTON, J., (*charging the jury.*)   The defendant is indicted for carrying on the business of a retail liquor dealer without having paid the special tax.   The government have introduced three witnesses who swear to purchases of distilled spirits at the house of defendant on three dif-

ferent occasions. Two of them say that they purchased from Peggy Bonham; one of them, that he purchased from defendant. Peggy Bonham lives with the defendant. Some of the witnesses say that they think she was his wife; others swear that he never married her, and that she was his concubine. In order to convict the defendant, the jury must be satisfied, from the evidence—*First*, that he sold the liquor as charged. If sales were made by Peggy Bonham in his presence, and with his knowledge, and Peggy was his agent in doing so, the sales were his. If Peggy was his wife, the law will presume that she did this as his agent; if Peggy is not his wife, then the jury must be satisfied, from the evidence, that she was acting as his agent,—the same presumption does not arise as would arise were she his wife. *State* v. *Collins*, 1 McCord, 355; *City Council* v. *Van Roven*, 2 McCord, 466. *Second*, if the jury find that the sales were made by defendant himself, or by his agent, then they must further be satisfied from the evidence that the defendant had the liquor on hand for the purpose of selling it at retail. The facts proved must indicate that the defendant had procured the liquor with the intent to retail it, or, having it on hand, had formed the intent to retail it, and carried out the intent by one or more acts. If the defendant had the liquor on hand for his own use, and if he let the witnesses have it as a matter of kindness, or from neighborly feeling, he cannot be convicted, even if he took money, especially as no general practice has been proved.