UNITED STATES *v.* ALLEN.

*(District Court, N. D. Iowa, W. D.    May 28, 1889.)*

INTERNAL REVENUE—VIOLATION OF LAWS—RETAIL DEALERS.

Defendant was engaged in procuring and furnishing to any one who would patronize him liquors in quantities less than five gallons. He testified that he received orders, requiring the person ordering to pay 10 cents down for a bottle of beer, and when the beer was delivered, an extra 15 cents, as remuneration for going to a neighboring state to procure it. But the evidence failed to show that defendant bought specific quantities of liquor to correspond with special orders, but showed that he bought beer by the case, and paid for it and sold it to any one desiring it. *Held,* that defendant was a "dealer," within Rev. St. U. S. § 3242, requiring persons carrying on the business of retail liquor dealer to pay a special tax.

Indictment for Carrying on the Business of a Retail Liquor Dealer, without payment of the tax.    On motion for new trial.

*T. P. Murphy,* U. S. Dist. Atty.

*Isaac Pendleton,* for defendant.

SHIRAS, J.    The indictment in this cause charged the defendant with a violation of section 3242 of the Revised Statutes, in that he was carrying on the business of a retail liquor dealer at Sioux City, Iowa, without

having paid the special tax imposed upon such dealers by the statutes of the United States. The evidence adduced on the trial showed that the defendant had undertaken the business of procuring and furnishing to any one who would patronize him liquors, spirituous and malt, in quantities less than five gallons. He had a place of business, in which was found by the state officers, having a search-warrant issued under the prohibitory law, two unbroken cases of beer, containing 24 bottles each, 25 bottles of beer not in a case, a number of glass whisky flasks which had not been used, one or two filled with whisky, and a number of empty beer bottles and beer kegs. The defendant, when on the stand as a witness in his own behalf, testified that he kept a book in which he entered the names of all persons who employed him to procure beer or liquor for them. He further testified that if any one wished to employ his services to procure, for instance, a bottle of beer, he required him to pay down 10 cents, and, when the beer was delivered, to pay a further sum of 15 cents as remuneration for his trouble in going to Covington, Neb., and getting the beer. The evidence further showed that when a number of orders had been received the defendant would go to Covington, procure the liquor or beer, take it to his place or room in Sioux City, and then deliver it when called for. The evidence, however, failed to show that the defendant bought specific quantities of beer or liquor to correspond with special orders previously given to him, but, on the contrary, it would seem that defendant bought the beer by the case, paying therefor $2.50 per case, and then delivering it to customers at the rate of 25 cents per bottle. The claim of defendant was that he was acting merely as an express agency, having organized a business under the name of the Eureka Express Company, and that he was in fact merely an agent for the parties who gave him orders for the beer or liquor. Upon the trial the jury was instructed that if the defendant held himself out to the public as being one ready to procure for his customers liquor, malt or spirituous, in quantities less than five gallons, and if in fact he did as a business engage in the procuring in the way stated liquors for any one who should apply to him, it would justify the jury in finding the defendant guilty under the indictment.

In support of the motion for new trial it is urged that by the use of the words "retail" and "wholesale" in the statute it is made necessary that to violate the statute a person must sell the liquor in the sense that he himself must be the owner thereof, so that, when delivery is made, the title passes to the purchaser from the one actually delivering the property. By this construction of the statute it would be limited in application to cases wherein the party was engaged in selling liquor of which he was the owner. The statute does not impose a tax upon sales made, but upon a business of a certain character. If one is a retail dealer in liquors, he is liable to the tax. It is the dealing in liquors that constitutes the taxable business, and certainly one who engages in the business of procuring from the manufacturers beer by the case, and disposing of it by the bottle, is dealing in liquors. It can make no difference in this regard if it were true that the customers left their orders for specific quantities, before

the defendant undertook the procurement thereof. The section of the statute providing that liquor dealers must pay a certain tax to the United States is part of the laws devised for the raising a revenue for the government, and as such is not regarded as a penal statute, but is to be construed liberally in order to carry out the purpose of its enactment. *U. S.* v. *Hodson,* 10 Wall. 395. The word "dealer" is not confined to one who sells his own property only. If one opens out a place of business for the purpose of furnishing to all who may patronize him liquors, malt or spirituous, in quantities less than five gallons, he is engaged in the business of a retail liquor dealer, irrespective of the question of the manner or mode in which he acquires or procures the liquors from the manufacturers. The fact that he procures from the manufacturer or wholesaler the liquor in quantities, and disposes of the same for a profit to any one who may call upon him, certainly makes him a dealer. If the evidence had fully sustained the claim of defendant—which it did not—that he never procured any liquor from the manufacturer until he had secured orders for the same from customers, it would not change the rule, for it would still be true that, relying upon these orders for small quantities, he procured beer by the case from the manufacturer, and delivered it to his customers, charging them a round profit upon each bottle. But, aside from this question, the evidence clearly showed that in making the purchase of the liquor from the manufacturer in Covington, Neb., the defendant was the actual purchaser thereof, and the title passed to him. The defendant paid for the beer by the case. When he received it from the manufacturer, and paid the price therefor, the title passed from the manufacturer, and he no longer had any interest, title, or right therein. It is equally clear that the title to any single or half dozen bottles did not then pass to any one customer of defendant. A customer could not prove a title to any given bottle of the beer by showing that he had ordered one or more bottles from the defendant, and paid him a part of the price. When upon the witness stand the defendant admitted that he could not name the owner or owners of any of the bottles of the beer that were in his place of business when it was seized by the state officers. He had a certain number of bottles then in his possession, which he had procured from the manufacturers, and paid for, and from which he expected to fill all orders left with him by his customers. That he was in fact a dealer in liquors, it seems to me, cannot be disguised by refinements upon one or two words used in the statute. His business was to procure from the manufacturer liquor in quantities, and to dispose of it in lesser quantities to any one who would patronize him, and, this being so, he was a liquor dealer within the true meaning of the statute. The motion for new trial is therefore overruled.