152    39
f153    468
153    613

PEOPLE v. WILCOX.

INTOXICATING LIQUORS—OFFENSES — KEEPING FOR SALE — ENGAGING IN BUSINESS—WHAT CONSTITUTES.

Under section 5379, 2 Comp. Laws, requiring the payment of the prescribed tax upon the business of selling or keeping for sale at retail intoxicating liquors, read in connection with section 5380, defining who are dealers, one who sells a single drink is a retail dealer sufficiently to subject him to the payment of the tax, and to punishment if he sell without having paid the tax.

Exceptions before judgment from Ingham; Wiest, J. Submitted January 23, 1908. (Docket No. 169.) Decided March 31, 1908.

Eugene Wilcox was convicted of violating the liquor law. Affirmed.

*John J. Zimmer*, for appellant.

*Walter S. Foster*, Prosecuting Attorney, for the people

HOOKER, J. The appellant was convicted upon an information charging him with being engaged in the business of selling and keeping for sale distilled, brewed, fermented, malt, mixed, spirituous, and intoxicating liquors at retail, not having paid the tax upon such business required by law. No question is raised upon the sufficiency of the information. The testimony shows without contradiction that one Huntington procured from the defendant a drink of malt mead and a bottle of the same, and some whiskey, at a hotel in Haslett Park, the drink over the bar in said hotel. Huntington testified that he paid defendant for the drink; that after getting his horse fed, and the bottle of whiskey, he asked how much he

owed, and was told 50 cents, which he paid to the defendant, and then he bought from him a quart bottle of malt mead for which he paid him 25 cents. Defendant testified that he made no charge for the whiskey; that he sold the malt mead for Mr. North, who was owner of the hotel, during his absence, and turned the money over to him. He was a carpenter working there for North and believed the labels on the malt mead bottles to be true in stating that there was less than two per cent. of alcohol in the contents, and that the malt mead was absolutely non-intoxicating. He said the whiskey was from his own bottle and was not charged for.

Counsel for defendant says that this testimony fails to show that the defendant was engaged in the *business* of selling, or keeping for sale, which is the charge contained in the information.

The question in the case is, whether the facts hereinbefore stated were sufficient to justify the conclusion that defendant was engaged in the business of selling, etc., at retail, as defined in the statute. The undisputed testimony, including that of the defendant, shows that he sold a drink of malt mead, a spirituous liquor, over the bar at the hotel.

Counsel for defendant urges that a single sale is insufficient to establish the charge that defendant was engaged in the business of selling or keeping for sale, upon the theory that a dealer is one who makes successive sales, and that a business cannot consist of a single sale, citing authorities in support of his contention.

Section 5379, 2 Comp. Laws, as amended by Act No. 62, Public Acts 1903, requires the payment of a prescribed tax upon the business of selling or keeping for sale at retail spirituous or intoxicating liquors. Were this all of the statute applicable to the case we should agree with counsel that it could have no application to the case of one who merely sold a drink on one occasion, especially if he was not the owner and merely acted for the accommodation of another. But it is not all there is of this statute. Section

5380 defines the meaning of dealers in the following language:

"Retail dealers of spirituous or intoxicating liquors, and brewed, malt and fermented liquors, shall be held and deemed to include all persons who sell any of said liquors by the drink, and in quantities of three gallons or less, or one dozen quart bottles or less, at any one time, or to any person or persons."

The two sections clearly imply that one who sells a single drink is a retail dealer engaged in the business, for the purposes of the act, i. e., to subject him to the obligation of paying the tax.

The judgment is affirmed.

GRANT, C. J., and MONTGOMERY, OSTRANDER, and CARPENTER, JJ., concurred.