UNITED STATES v. LAZZARO et al.

(District Court, W. D. Washington, N. D. November 5, 1918.)

No. 4265.

1. INTERNAL REVENUE ⬤⇒4—LIQUOR BUSINESS TAX—OFFENSE FOR VIOLATION—PROHIBITION STATES.

Comp. St. § 5966, declaring the offense of engaging in the liquor business without having paid required revenue tax, which payment section 5970 provides shall not authorize the business in any state contrary to its laws, is applicable in a prohibition state.

2. INTERNAL REVENUE ⬤⇒4—LIQUOR TAX—STATUTES.

The Webb-Kenyon Act (Comp. St. § 8739), merely reinforcing the state statutes with relation to illicit liquor dealers, and the Reed Amendment of March 3, 1917 (Comp. St. 1918, §§ 8739a, 10387a–10387c), giving federal cognizance and fixing a penalty for violation, are merely cumulative, and not out of harmony with applicability of Comp. St. § 5966, the primary purpose of which is revenue, to prohibition states.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Dominick Lazzaro and others demur to indictment charging violation of Internal Revenue Law, as to liquor business tax. Demurrer overruled.

Robert C. Saunders, U. S. Dist. Atty., and Ben L. Moore, Asst. U. S. Dist. Atty., both of Seattle, Wash.

George H. Rummens and Walter B. Allen, both of Seattle, Wash., for defendants.

NETERER, District Judge. The defendant is charged with violating the Act of February 8, 1875, c. 36, § 16, 18 Stat. 310 (U. S. Comp. Stat. § 5966).

[1, 2] Counsel challenge the sufficiency of the indictment. It is contended by the defendants that the laws of the state of Washington declare the public policy of the state, and, since the sale of intoxicating liquor is prohibited, the government of the United States would not issue a permit or license in contravention of this law, becoming thereby a party to this violation.

The provisions of section 5970, U. S. Comp. Stat., requiring the payment of special tax, does not authorize the carrying on of the business in violation of state laws. The contention that effect must be given to the license against the law of the state must fail. McGuire v. Massachusetts, 3 Wall. (70 U. S.) 387, 18 L. Ed. 164.

Where Congress has power to regulate trade, of course it may do so by license, and, when so regulated, the license carries with it authority to do what its terms provide. This would apply to interstate commerce, etc., and "every other power of Congress to the exercise of which the granting of licenses may be incident." License Tax Cases, 5 Wall. (72 U. S.) 462, 18 L. Ed. 497.

The state has exclusive power over domestic trade of the states. The Webb-Kenyon Act March 1, 1913, c. 90, 37 Stat. 699 (section 8739, U. S. Comp. Stat.), merely reinforces the state statute with relation to illicit liquor dealers, and the Reed Amendment of March 3, 1917, c. 162, 39 Stat. 1069 (Comp. St. 1918, §§ 8739a, 10387a–10387c), gives federal cognizance and fixes a penalty for the violation.

These acts are merely cumulative and not out of harmony with the Revenue Act, supra, whose primary purpose is to raise revenue.

This act, as stated, does not grant a right to carry on business, but fixes a penalty for engaging in business without having paid the tax, and this applies uniformly to all the states and territories.

The demurrer is overruled.

The following cases are cited by defendants: Ledbetter v. U. S., 170 U. S. 610, 18 Sup. Ct. 774, 42 L. Ed. 1162; U. S. v. Rennecke (D. C.) 28 Fed. 847; U. S. v. Jackson, Fed. Cas. No. 15,455, 1 Hughes, 531; U. S. v. Logan, Fed. Cas. No. 15,624; U. S. v. Bonham (D. C.) 31 Fed. 808; U. S. v. Angell (C. C.) 11 Fed. 34.