### BAILEY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 5, 1919.)

No. 3209.

INTERNAL REVENUE ⟊39, 40—SPECIAL TAX ON BUSINESS—"CARRYING ON BUSINESS OF RETAIL LIQUOR DEALER."

To subject a person to conviction for violation of Rev. St. § 3242 (Comp. St. § 5965), by "carrying on the business of a * * * retail liquor dealer" without having paid the special tax, a single sale is not sufficient, unless made under circumstances which warrant the inference by the jury that defendant either had liquor on hand, or was ready and able to procure it, for purposes of sale.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against Mrs. William H. Bailey. Judgment of conviction, and defendant brings error. Reversed.

---

⟊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Jere Horne, of Memphis, Tenn., for plaintiff in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Mrs. Bailey was convicted of carrying on the business of a retail liquor dealer without having paid the special tax therefor, and in violation of R. S. § 3242 (U. S. Comp. St. 1916, § 5965). The government proved the sale of a drink and of a half pint to Bryant. Mrs. Bailey testified that Bryant was a personal acquaintance; that he came to her residence in the evening; that after a time he expressed need for whisky, and wanted her to let him have some; that she declined, saying she had none; that, after further urging from him, she told him she had a small quantity, less than a quart, which she had for personal or household use, and that she could not let him have from this quart the pint which he requested, but would let him have a half pint; that she did so, and that, although she declined to charge for it, he pressed payment upon her, which she finally accepted; and that this was the entire transaction. The court charged the jury that, even if her testimony were fully accepted and believed, nevertheless she would be guilty under the indictment, and the rightfulness of this charge is the question brought here for review.

The statute says:

"Every person who carries on the business of a * * * retail liquor dealer * * * without having paid the special tax as required by law, shall, for every such offense, be fined," etc.

Obviously, the "such offense" which is punished is to "carry on the business of a retail liquor dealer." This phrase would not seem to be difficult of definition, either from the standpoint of the words used or from that of the purpose of the law. There must not only be a "business," but it must be "carried on." The purpose of the law was to raise revenue by an occupation tax. Both these considerations imply that there must be something more than a single casual sale, disconnected from any habitual or intended practice. There cannot be a "business carried on," unless there is either an actual or intended adherence to that course of conduct which alone can constitute the adoption and practice of a business or occupation. Of course, it need not be the sole business or occupation, or even one of any comparative importance as relating to the other business or occupation of the same person; nor would it be necessary that any particular quantity of material should be kept on hand for sale for any particular length of time; but both the ability and the willingness to make sales from time to time, whenever appropriate conditions might arise, seem to us to be required, by the plain meaning of the words, in order to make out an offense against this statute.

Perhaps it is rightly to be assumed that no other construction would ever have been attributed to this section, save for the supposed effect of another section of the act. Revised Statutes, § 3244 (U. S. Comp. St. § 5971), fixes the amount of the tax to be paid. The fourth subdivision says:

"Retail dealers in liquors shall pay $25. Every person who sells or offers for sale foreign or domestic distilled spirits or wines in less quantities than five wine gallons at the same time shall be regarded as a retail dealer in liquors."

From this it is argued that the more general language of section 3242 is defined and limited, and that therefore a single sale, inherently and necessarily and always, makes the seller a taxable retail liquor dealer. The language of section 3244 does not require this conclusion. "One who sells" is not necessarily synonymous with "one who makes a sale." Even where standing by itself, "one who sells" may well imply an habitual rather than an isolated act. It seems equivalent to "one who is selling"; but when this definitive phrase is considered in connection with the fact that it is found in the law taxing occupations and in relation to the tax which is imposed only upon carrying on business, and that the phrase serves the main, if not the only, purpose of distinguishing between different kinds of business—wholesale and retail—section 3244 seems to us to lend no substantial support to the thought that it is thereby made immaterial whether or not there is any "business carried on," in the ordinary and usual sense of these words.

It is further to be noted that the language of section 3244 is inappropriate for a single sale. It is "one who sells * * * in quantities less," etc. In strictness of language, this plainly refers to a plurality of transactions. One who makes only a single sale does not sell "in quantities." This distinction would be overnice as a substantial basis of interpretation; but it demonstrates that section 3244 does not imperatively and finally require that the language of section 3242 should have a forced and unreasonable construction.

Revised States, § 3244, seems to have been superseded by section 4 of the Act of March 1, 1879 (U. S. Comp. St. 1916, § 5973). The arrangement here found emphasizes the conclusion that the phrase "one who sells" was adopted, not to define what "carrying on business" means, but rather to distinguish between different kinds of business. It is repeated four times, always as incidental to the definition of a business; and in defining "dealers in malt liquors" it says that one who sells malt liquors, "but who does not deal in spirituous liquors," shall pay a lesser tax, thus again implying that the higher tax is to be paid by those who "deal in" spirituous liquors.

It is true that in the provisions of the law which relate to taxes on tobacco, as found in subsections 6, 7, 8, and 9 of R. S. § 3244, the tax-fixing provisions said that every person should be regarded as a retail dealer in tobacco "whose business it is to sell," and that the definition of a retail liquor dealer as "one who sells" and of a retail tobacco dealer as "one whose business it is to sell" carries a suggestion that the former definition is broader than the latter. We do not overlook this suggestion, but we cannot think it has sufficient force to overcome the other considerations involved. Further, this subsection 7, which referred to retail leaf tobacco dealers, has been superseded by section 35 of the Act of August 5, 1909 (U. S. Comp. St. § 6175), wherein it is said that "every person shall be regarded as a retail dealer in leaf tobacco whose business it is to sell leaf tobacco in quantity less, etc.;

or who shall sell directly to consumers, etc.," thus illustrating that "who shall sell," like "one who sells," may rightly refer to a business and not to a single sale.

Again, we observe that by section 3242, "every such offense" draws separate punishment. If a single sale is not merely evidence of the offense, but is the offense itself, a single day of carrying on the business might support a great number of indictments, and such a result indicates an unreasonable construction. The preceding sections, 3232–3241 (Comp. St. § 5955 et seq.), also are all instructive to the effect that the thing taxed is not the sale, but the occupation.

The question has not been authoritatively decided. In Ledbetter v. United States, 170 U. S. 606, 610, 18 Sup. Ct. 774, 775 (42 L. Ed. 1162) speaking of this statute, the court says:

"The offense does not consist in selling or offering for sale to a particular person distilled spirits, etc., in less quantities than five gallons at one time, but in carrying this on as a business; in other words, in the defendant holding himself out to the public as selling or offering for sale, etc. While it has been sometimes held that proof of selling to one person was, at least, prima facie evidence of criminality, the real offense consists in carrying on such business, and if only a single sale were proven it might be a good defense to show that such sale was exceptional, accidental or made under such circumstances as to indicate that it was not the business of the vendor. United States v. Jackson, 1 Hughes, 531 [Fed. Cas. No. 15,455]; United States v. Rennecke [D. C.] 28 Fed. 847. It is quite evident that an indictment averring in the language of section 18 that the defendant sold or offered for sale the liquors named, without averring that he made this a business, and that he had not paid the special tax required by law, would be insufficient."

It must be conceded that the quoted language was not necessary for a decision of the point before the Supreme Court in the Ledbetter Case; but it is evident that at least the writer of the opinion (Mr. Justice Brown) thought the statute should be construed as we have indicated our view to be. This view is also confirmed by the approving citations of United States v. Jackson, 1 Hughes, 531, Fed. Cas. No. 15,455, and United States v. Rennecke (D. C.) 28 Fed. 847. In the Jackson Case, Judge Hughes instructed the jury that selling an occasional drink did not constitute carrying on a business so as to justify the imposition of the tax. Some of the language, like some of that in United States v. Logan, Fed. Cas. No. 15,624, goes further than we should wholly approve, since it has been decided that such a law is not to be read with the strictures of a penal statute (United States v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555); but the case supports our general interpretation. In the Rennecke Case, Judge Simonton had the point before him and said:

"If the sale was under such circumstances as indicated that the defendants had the liquor on hand to be sold to any one who applied for it, then they may be said to be engaged in the business, although but one act of selling has been proved. On the other hand, if they permitted a neighbor or friend to have a part of the supply of whisky which they had on hand for their own use, and did this in a spirit of accommodation, they could not be said to be engaged in the business, even if they received money for this accommodation."

He repeated, substantially, the same expression, in United States v. Bonham (D. C.) 31 Fed. 808.

The district attorney relies upon several decisions to support the charge given, but they are all, perhaps with one exception, distinguishable. United States v. Barnhardt, Fed. Cas. No. 14,526, and United States v. Damiani, Fed. Cas. No. 14,915, are so scantily reported that they may well hold merely that a single sale may be sufficient evidence of carrying on the business—a proposition about which there is no doubt. In United States v. Alexis Club (D. C.) 98 Fed. 725, the only question involved was whether a social club which carried a stock of liquors and dispensed them to its own members for pay should be considered a retail dealer. Judge McPherson refers to section 3244 by way of definition; but we find nothing in the opinion to indicate that an isolated, single sale, not part of a course of business, would have been considered a violation of the law. The case of United States v. Angell (C. C.) 11 Fed. 34, is the possible exception. The defendant requested an instruction that he was not guilty unless he was engaged in the sale of liquor "as a trade or business." The court refused this instruction and charged in the language of section 3244, as it existed in 1867. It is perhaps worth noting that this statutory definition did not then refer to "one who sells in quantities less than," etc., but to "every person who shall sell * * * and whose annual sales do not exceed," etc.; but, if the decision should not be restricted on account of this peculiar language, we do not find that it has been followed, and it certainly is inconsistent with the above quotation from the Ledbetter Case.

It has often, perhaps commonly, been taken for granted that something more than merely the single sale must be found or inferred by the jury in order to convict. For example, see United States v. Allen (D. C.) 38 Fed. 736, where Judge Shiras said:

"It is the dealing in liquors that constitutes the taxable business."

There are decisions of state courts, like People v. Wilcox, 152 Mich. 39, 41, 115 N. W. 973, which punish a single sale; but they so far involve, directly or indirectly, a state policy of prohibition, that they are not very persuasive in construing a revenue law.

We are convinced that the true rule of construction is that stated by Judge Simonton, with some modification; that a single sale is to be interpreted in the light of all the circumstances, and it may vary from being little or no evidence up to the point of being convincing evidence that the seller is carrying on the business; and that, in order to convict, the jury should be satisfied that the defendant either had liquor on hand, or was ready and able to procure it, in either case with the purpose of selling some or all of it to such persons as he might from time to time find or conclude to accept as customers.

The request for instructed verdict for the defendant was rightly denied. From the testimony of the government's witnesses, including that with reference to previous sales at the same place by defendant's husband, the jury had the right to infer, if satisfied thereof beyond a reasonable doubt, that Mrs. Bailey's story was essentially untrue, and that her assumed reluctance to sell and yielding to urging were a subter-

fuge, for the purpose of concealing her readiness to make a sale after she was satisfied it would be safe.

The judgment must be reversed, and the case remanded for new trial.