## BAILEY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 29, 1920.)

No. 3382.

1. **Intoxicating liquors ⚖️158—Sale of liquor to soldiers in uniform unlawful, wherever made.**

Selective Draft Act, § 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019a), authorizing the President to make regulations governing prohibition of liquor in or near military camps, and also providing that "it shall be unlawful to sell any intoxicating liquor * * * to any officer or member of the military forces, while in uniform," prohibits the sale of liquor to soldiers in uniform from the date of its enactment, irrespective of the regulations subsequently made by the President or of the place of sale.

2. **Intoxicating liquors ⚖️236(11)—Evidence insufficient to show sale of liquor to soldiers in uniform.**

Evidence *held* insufficient to sustain a conviction of defendant, a married woman, of selling liquor to soldiers in uniform, where it showed without contradiction that two soldiers, one of whom was an acquaintance, and who had been sent out to obtain evidence of illegal sales, called at defendant's house and inquired for her husband, who was absent; that they asked her for liquor, which she denied having, but that on their urging their need she filled and gave them a half pint bottle from a small quantity kept for household use; that there was no question of sale, but that after they left she found some money on the table, which had been left without her knowledge.

In Error to the District Court of the United States for the Western Division of the Western District of Tennessee; John E. McCall, Judge.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Jennie Bailey. Judgment of conviction, and defendant brings error. Reversed.

Jere Horne, of Memphis, Tenn., for plaintiff in error.

Thomas J. Walsh, Asst. U. S. Atty., of Memphis, Tenn. (Wm. D. Kyser, U. S. Atty., of Memphis, Tenn., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. [1] The plaintiff in error was convicted of a violation of section 12 of the Act of May 18, 1917—the Selective Service Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 2019a)—in that she sold intoxicating liquor to a soldier in uniform. Her insistence in the court below upon a directed verdict and her appeal to this court for reversal have been based chiefly upon the theory that, at the time of the supposed offense, the President had not made any regulations, pursuant to the act, which would reach and cover the facts of her case, and that, by this section 12, Congress only intended to legislate concerning sales of liquor in or near military camps. More specifically, the contention arises under that clause of section 12 which reads as follows:

"It shall be unlawful to sell any intoxicating liquor, including beer, ale, or wine, to any officer or member of the military forces while in uniform, except as herein provided."

While this language is broad and general, it is insisted that, when read with the context, its effect should be restricted to such localities as should be prescribed by the regulations to be made, and that the regulations of June 27, 1918, made by the President, confirm this view. We cannot agree. We think the plain intent of section 12 and of the regulations of June 27, 1918, is this: That from and after May 18, 1917, it shall be unlawful to sell to a soldier in uniform at any time or place, except if and as permitted by the Secretary of War for medicinal purposes; that from and after May 18, 1917, it shall be unlawful to sell to any one, soldier or civilian, or have in possession, intoxicating liquor at any place being used for military purposes, except if and as permitted for medicinal purposes; and that from and after June 27, 1918, it shall be unlawful to sell or give or deliver alcoholic liquor to any soldier, whether in or out of uniform, and whether anywhere within the United States or within other places under its control, except if and as used for permitted medicinal purposes. From this construction, no inconsistency results between different sections and regulations; it gives effect to the plain meaning of the words used, and no substantial reason is suggested why it should not be adopted. Upon this subject-matter, the action of the court below was right.

[2] For other reasons, we cannot be satisfied to let the conviction stand. The respondent is the same person who was formerly convicted of doing business as a retail liquor dealer without paying the tax, which conviction we reversed in Bailey v. U. S., 259 Fed. 88, 170 C. C. A. 156. We held that the single sale, which was alleged against respondent in that case, was not, of itself, sufficient to make her a retail dealer. After that reversal, and instead of a new trial upon that indictment, she was

proceeded against by the indictment in the present case. This prosecution is based solely upon the same single transaction involved in the former case. We are convinced that there was no substantial evidence upon which any juror could rightfully conclude, beyond a reasonable doubt, that Mrs. Bailey made a sale. Her story is that two soldiers in uniform called at her house in the evening and asked for her husband, who was away; that one of them she knew personally to a considerable degree, and they were invited in; that they asked her for liquor; that she told them she had none; that they insisted upon their great need for even a small quantity; that eventually, out of the small supply kept for personal family use, and after further urging, she gave them a half pint in a bottle for them to take away; that nothing was said about a sale, but this was only a personal and friendly gift; that after they had gone, and to her surprise, she found that they had left some money upon the table; that they were then beyond her reach, and she had done nothing about returning the money when she was arrested under the first indictment.

There is really nothing in the testimony of the two soldiers to contradict any of this. They had been sent out by an officer with instructions to buy liquor, if and where they could, and report to him. They do not claim that anything whatever occurred between them and Mrs. Bailey tending to indicate that she was selling them liquor, instead of giving them a little upon their urging, save only that money was left on the table; and they do not question that this was without her knowledge or notice while they were there. We cannot resist the conviction that it is unsafe to allow a verdict of guilty to rest (as this one must) solely on the inference that, promptly after the transaction, Mrs. Bailey should have taken some effective step toward returning the money. There are too many innocent and probable explanations of such conduct to justify the adoption (without other evidence) of the possible explanation that it was because she intended, all the time, to make a sale.

In the former opinion we said that there was some evidence of a sale to go to the jury. The record there differed materially from the present one. The testimony of the soldiers then justified the inference that the money was put on the table for Mrs. Bailey in her presence, and with her knowledge, and with her acquiescence; now, it does not; and there was then proof of other sales at the house. The claim that the evidence in this particular and for this reason did not justify the conviction was first distinctly made on oral argument in this court, and yet it is so far covered by assignments of error, and by what is said in the brief, that we ought not to refuse to consider it.

For the reasons stated, the judgment is reversed, and the case remanded for a new trial.