## ROOD v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. June 22, 1925.)

No. 2378.

1. **Internal revenue ⬅39, 40 — Carrying on business of selling liquor at wholesale or retail essential to conviction under revenue statute.**

One cannot offend against Rev. St. § 3242 (Comp. St. § 5965), unless he has actually carried on business of selling liquor at retail or at wholesale.

2. **Internal revenue ⬅39, 40 — Test whether one has offended against revenue statute stated.**

Whether one has actually carried on business of selling liquor at retail or at wholesale, without having paid special tax therefor, in violation of Rev. St. § 3242 (Comp. St. § 5965), is tested in same way as it would be if occupation tax was imposed on one who followed business of selling any other article.

3. **Internal revenue ⬅47—Evidence that one has sold is admissible as proving carrying on business of selling.**

As one who carries on business of retail liquor dealer necessarily seeks to sell his wares,

evidence that he has sold is admissible to prove that he was carrying it on.

**4. Internal revenue ⬤➡47—Conviction of carrying on business of retail liquor dealer had, though defendant had no barroom or usual appliance of dealers.**

Defendant may be convicted of carrying on business of retail liquor dealer, although there is no proof that he had a barroom or usual appliance of retail liquor dealer.

**5. Internal revenue ⬤➡47—Charge that proof of one sale and any evidence of liquor beyond that was sufficient to sustain conviction held erroneous.**

In prosecution for carrying on a business of retail liquor dealer without having paid special tax therefor, in violation of Rev. St. § 3242 (Comp. St. § 5965), where government's evidence was flatly contradicted, it was erroneous to charge that, where there was one sale and any evidence of liquor beyond that, then jury could believe defendant was carrying on a retail liquor business.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Maurice Rood was convicted of carrying on the business of retail liquor dealer without having paid the special tax therefor, and he brings error. Reversed and remanded.

J. Raymond Gordon, of Charleston, W. Va., for plaintiff in error.

Elliott Northcott, U. S. Atty., of Huntington, W. Va., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va.

Before WADDILL and ROSE, Circuit Judges, and WEBB, District Judge.

ROSE, Circuit Judge. The plaintiff in error was defendant below and will be so styled here. He was indicted and convicted of carrying on the business of a retail liquor dealer without having paid the special tax therefor, in violation of section 3242 of the Revised Statutes (Comp. St. § 5965).

[1-3] For almost 60 years, no one has been allowed to engage in the business of a retail liquor dealer without paying the tax levied upon that occupation. Since the passage of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), every one has been forbidden to sell intoxicants. Both inhibitions are still in force, but they concern themselves with different things. The first is intended to safeguard the revenues; the second to aid in the enforcement of the Eighteenth Amendment. In the view of Congress, offending against the one is far more serious than disobedi-

ence to the other. He who without paying the tax engages in the business of a retail dealer in spirituous liquors may be sent to the penitentiary for as long as 2 years and may be fined as much as $5,000. The maximum penalty for the first offense of selling liquor in violation of the National Prohibition Act is imprisonment in jail for not more than 6 months or a fine not exceeding $1,000. This great difference in the punishments which may be inflicted demonstrates that the lawmakers thought they were dealing with essentially different things, and emphasizes the duty of the courts to make clear the distinction between them. This is all the more imperative because the evidence which may, if believed, conclusively establish the commission of the lesser offense, is almost always admissible as part of the government's case in prosecutions for the graver. One cannot offend against the revenue statute unless he has actually carried on the business of selling liquor at retail or at wholesale, as the case may be. Whether he has in fact done so is tested in the same way as it would be if the occupation tax, instead of being levied on a dealer in spirituous liquors was imposed upon one who followed the business of selling cigars, candy, stationery, or soft drinks, or any other article upon the business of dealing in which Congress saw fit to impose an excise tax. One who carries on such a business necessarily seeks to sell his wares, and evidence that he has sold is admissible as tending to prove that he is carrying it on. Whether such evidence will be sufficient to establish that fact is another question, the answer to which may depend upon many things, among them, the number of sales shown, which latter may be important or the reverse, depending on the other circumstances proved. The testimony may demonstrate that the accused has carried on the business of a dealer in liquor, although not more than a single sale is proved, and although perhaps such sale itself is not established with the degree of particularity which might be necessary if the offense for which he was under prosecution was that of selling liquor.

In such cases the question the jury must answer is "Did the defendant carry on the business of a retail liquor dealer?" Nearly 40 years ago, Judge Simonton, in a case in which the defendants were on trial for carrying on that business, pointed out that "the sale of liquor on more than one occasion had been testified to." He told the jury "if the sale was under such circumstances as

indicated that the defendants had the liquor on hand to be sold to any one who applied for it then they may be said to have been engaged in the business, although but one act of selling has been proved. On the other hand, if they permitted a neighbor or friend to have a part of the supply of whisky which they had on hand ⋅ ⋅ * and did this in a spirit of accommodation, they could not be said to be engaged in the business, even if they received money for this accommodation." U. S. Rennecke (D. C.) 28 F. 847.

[4] The whole subject was thoroughly reviewed by the Circuit Court of Appeals for the Sixth Circuit in Bailey v. U. S., 259 F. 88, where it was held that a single sale is to be interpreted in the light of all the circumstances, and it may vary from being little or no evidence up to the point of being convincing that the seller is carrying on the business and that, in order to convict, the jury must be satisfied that the defendant had liquor on hand, or was ready or able to procure it in either case for the purpose of selling some or all of it to such persons as he might from time to time find or conclude to accept as customers. Of course, as Judge Simonton pointed out in the case already cited, a defendant may be convicted of carrying on the business of a retail liquor dealer, although no proof is or could be given that he had a barroom or any of the usual appliances of retail liquor dealers. He stated that the favorite mode of carrying on the business without paying the special tax in vogue in the 80's of the last century, was going about the country with a wagon and selling whisky out of a tin cup or by the bottle; that is to say to be a peripatetic peddler of whisky is as clear a violation of the revenue act as it is to sell the same article over a bar.

[5] In the instant case the government presented evidence which, if believed by the jury, would have justified a finding that the defendant was carrying on the business of peddling whisky. Much of the government's testimony was flatly contradicted by the witnesses offered on his behalf. How much of it the jury accepted as true is impossible to say. They may have thought that all that was proved against him beyond a reasonable doubt was a single sale of liquor and that such sale was not of all he then had. With the proof standing as stated, the learned judge told the jury, "Where there is one sale and any evidence of liquor beyond that, why then you can believe and find the man was carrying on a retail liquor business." From this statement the jury may well have concluded that they should find the defendant guilty if the testimony convinced them that he had made the sale, and, after making it, still had some liquor left.

From what has already been said that was not in our view a correct conclusion of law. Under the circumstances of this case, the failure of the judge more accurately to define the essential elements of the offense may well have been highly prejudicial to the defendant.

It follows that the judgment below must be reversed, and the case remanded for a new trial.

Reversed.