## ANDERSON v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. February 6, 1929.

No. 5362.

J. Q. Mahaffey, of Texarkana, Tex. (John J. King, J. I. Wheeler, and C. E. Bryson, all of Texarkana, Tex., on the brief), for appellant.

Randolph Bryant, U. S. Atty., of Sherman, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellant and two others, Son Simpson and J. A. Hocker, the latter a colored woman, were convicted of carrying on the business of retail liquor dealers, without having paid the special tax therefor, as required by law, in violation of section 3242, R. S., as amended by the Act of Feb. 8, 1875 (26 USCA § 193). Appellant was sentenced to pay a fine of $100 and to two years' imprisonment in the penitentiary. He is the only one before the court on this appeal.

■ Error is assigned to the overruling of a demurrer to the indictment. The indictment tracks the statute and is sufficient in form. Ledbetter v. U. S., 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162. The offense is alleged to have been committed since the adoption of the Act of November 23, 1921 (42 Stat. 222), popularly referred to as the Willis-Campbell Act. It is settled that it is still an offense to carry on the business of retail liquor dealer without having paid the license tax for so doing, although no tax may be in fact paid, nor may permission be granted to conduct the business. U. S. v. Remus et al., 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. The demurrer was properly overruled.

■ Appellant moved to strike out all the evidence at the conclusion of the case for the government, on the ground of fatal variance between the allegation of the indictment as to the place of business and the proof. The indictment charged that the business was conducted at the premises known as 1706 Texas avenue in the city of Texarkana, Texas. There was no doubt that the premises were numbered 1,706, but beyond that the evidence was conflicting. There was evidence tending to show that signs designated the street as Texas avenue, and that the house numbers ran consecutively from one end of what was admittedly Texas avenue past the premises. On the other hand, there was evidence tending to show that the particular part of the street where the house was located was designated on the city maps as Ghio-Fish Boulevard. The court overruled the motion to strike the evidence, and charged the jury as a matter of law that the premises were sufficiently identified.

■ It would have been sufficient to charge the offense in more general terms, but, the pleader having elected to name the particular premises, the description became matter of substance to be proved as alleged. Bishop's New Cr. Proc. par. 488. It would seem that the designation of the street by the city authorities would be conclusive. If it was Ghio-Fish Boulevard, the variance was fatal. But in any event the question, on conflicting evidence, was for the jury, and the charge given constituted error.

■■ There was evidence tending to show that on two occasions, January 25 and January 31, whisky was purchased by government agents from the defendant Simpson, and that on two other occasions, January 30 and February 8, whisky was purchased by government agents from the defendant Hocker. It was not shown that any sale was ever made by Anderson. The premises consisted of a building and a garage. The main floor had been used as a barbecue stand but was not then in operation. Upstairs were some 10 rooms. Anderson was the owner of the premises, and testified that he sometimes rented the rooms and the garage to automobile tourists, when the regular parking place was filled, and that he had intended disposing of the premises for the purpose of acquiring a farm. On February 8th, when a search warrant was executed, he was found in the premises in one of the rooms lying down on a bed, and he produced from some place, not on his person, a key to unlock a room in which there was found beer and the paraphernalia for making it. The alcoholic content of the beer was not shown. He denied any knowledge of the sales having been made, or that he was at all concerned in the business of selling.

It must be borne in mind that appellant was not indicted for making a sale of intoxicating liquor for beverage purposes, in violation of the National Prohibition Act (27 USCA). The offense with which he was charged was conducting the business of retail liquor dealer without having paid the license tax, the penalty for which is very much more severe than for a first offense violation of the Prohibition Act. The offense is well defined in Ledbetter v. U. S. supra, page 610 of 170 U. S. (18 S. Ct. 775), where the Supreme Court said this:

"The offense does not consist in selling or offering for sale to a particular person distilled spirits, etc., in less quantities than five gallons at one time, but in carrying this on as a business; in other words, in the defendant holding himself out to the public as selling or offering for sale, etc. While it has been sometimes held that proof of selling to one person was, at least, prima facie evidence of criminality, the real offense consists in carrying on such business; and if only a single sale were proven it might be a good defense to show that such sale was exceptional, accidental, or made under such circumstances as to indicate that it was not the business of the vendor."

Appellant requested the following special charge, the refusal of which is assigned as error:

"It not having been shown by any evidence in this case that the defendant M. D. Anderson made any sale of intoxicating liquor, or was present when any such sale was made, but that such sales, if any, were made by the defendants Jewell Simpson and J. A. Hocker, you are instructed that before you would be authorized to find the defendant

M. D. Anderson guilty, you must not only find beyond a reasonable doubt that the defendants Jewell Simpson and J. A. Hocker, or one of them, were engaged in the business of selling intoxicating liquor at retail without having paid the tax, but further must find from the evidence beyond a reasonable doubt that the said M. D. Anderson had knowledge that they, or one of them, were engaged in carrying on such business, and, further, that he, the said M. D. Anderson, with such knowledge, participated in the carrying on of such business by said defendants Jewell Simpson and J. A. Hocker, or one of them, or that he, with such knowledge, aided or encouraged them, or one of them, to carry on such business without the payment of the tax, and, unless you so find, you will find the defendant M. D. Anderson not guilty, notwithstanding you might feel constrained to find the defendants Jewell Simpson and J. A. Hocker, or one of them, guilty of the charge against them."

In addition to refusing the charge above set out, the court charged the jury as follows:

"A statute of the United States provides that one who aids or assists another in the commission of an offense, or procures the commission of an offense is guilty as a principal, just as much so as one who actually commits the offense."

Conceding arguendo that there was sufficient to go to the jury to show that Anderson was either principal or accomplice in making the sales, it is very doubtful that there was enough to show that he was conducting a business without a license. One who is a mere employee may be guilty as an accomplice of making an illegal sale of liquor, but he cannot be an accomplice, and therefore regarded as a principal, in conducting a business, unless he is in fact one of the proprietors whose duty it is to pay the license tax. U. S. v. Logan, Fed. Cas. No. 15,624. We think, under the circumstances here disclosed, the refusal of the requested charge and the giving of the above-quoted portion of the general charge constituted prejudicial error. Rood v. U. S. (C. C. A.) 7 F.(2d) 45.

It is apparent that conviction in this case depended entirely on the conclusions to be drawn by the jury from the circumstances shown. In this regard appellant requested the following charge:

"The court charges you that in this case the government relies for a conviction of the defendant Melvin D. Anderson upon circumstantial evidence alone. In order to warrant a conviction on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt; all the facts (that is, the facts necessary to the conclusion) must be consistent with each other and with the main fact sought to be proved; and the circumstances, taken together, must be of a conclusive nature, leading, on the whole, to a satisfactory conclusion, and producing in effect a reasonable and moral certainty, that the accused committed the offense charged. It is not sufficient that the circumstances coincide with, account for, and therefore render probable the guilt of the defendant; they must exclude every other reasonable hypothesis, except that of the defendant's guilt, and, unless they do so beyond a reasonable doubt, you will find the said defendant Melvin D. Anderson not guilty."

It is a fundamental rule of evidence that, in order to support a conviction, circumstantial evidence must exclude every reasonable hypothesis, other than that of guilt. Nowhere in the general charge was the offense for which appellant was indicted plainly defined for the enlightenment of the jury, nor was the jury charged regarding the rule applicable to circumstantial evidence. The requested charge above set out was enough to call the court's attention to the law applicable, and appellant had the right to either have the charge given or the jury properly instructed in the general charge. In these circumstances the refusal to give the charge was also prejudicial error.

For the errors above indicated, the judgment appealed from is reversed, and the case is remanded for a new trial.

Reversed and remanded.