# LEDBETTER v. UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA.

No. 196. Submitted April 12, 1898. — Decided May 23, 1898.

An indictment for a violation of the provisions of section 16 of the act of February 8, 1875, c. 36, forbidding the carrying on of the business of a rectifyer, wholesale liquor dealer, etc., without first having paid the special tax required by law, which charges the offence in the language of the statute creating it, is sufficient; and it comes within the rule, well settled in this court, that where the crime is a statutory one, it must be charged with precision and certainty, and every ingredient of which it is composed must be clearly and accurately set forth, and that even in the

cases of misdemeanors, the indictment must be free. from all ambiguity, and leave no doubt in the minds of the accused and of the court, of the exact offence intended to be charged.

Properly speaking, the indictment should state not only the county, but the township, city or other municipality within which the crime is alleged to have been committed; but the authorities in this particular are much less rigid than formerly.

THIS was a writ of error to review the conviction of the plaintiff in error upon an indictment found against him by the grand jury for the Southern District of Iowa, April 28, 1896, for a violation of section 16 of the act of February 8, 1875, c. 36, 18 Stat. 307, in carrying on the business of a retail dealer in liquors without the payment of the special tax required by law.

Defendant was convicted upon the first count in the indictment, which reads as follows:

"The grand jurors of the United States of America duly empanelled, sworn and charged to inquire in and for the body of said Southern District of Iowa, at a term of the United States District Court begun and held at Keokuk, in said district, on the 14th day of April, A.D. 1896, in the name and by the authority of the United States of America, upon their oaths do find and present that Lewis Ledbetter, late of said district, heretofore, to wit, on the — day of April, A.D. 1896, in the county of Appanoose, in the Southern District of Iowa, and within the jurisdiction of this court, did then and there wilfully, unlawfully and feloniously carry on the business of a retail liquor dealer without having paid the special tax therefor, as required by law, contrary to the statute in such case made and provided, and against the peace and dignity of the United States of America."

After his conviction defendant moved for an arrest of judgment upon the insufficiency of the indictment. This motion was overruled, and the defendant sentenced to pay a fine of $250 and costs of prosecution.

Defendant thereupon sued out a writ of error from this court, assigning as error that the indictment did not state facts constituting an offence against the laws of the United

States, (1) because it did not set forth that the defendant sold or offered for sale foreign or domestic spirituous or malt liquors otherwise than as provided by law; (2) that he was not informed with sufficient particularity as to the time and place and means so as to apprise him of the crime of which he was charged.; and (3) that the indictment did not allege that any crime had been committed at a date prior to the finding of the indictment.

*Mr. H. Scott Howell* and *Mr. William C. Howell* for plaintiff in error.

*Mr. Assistant Attorney General Boyd* for defendants in error.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

Defendant did not demur to the indictment, nor move to quash, nor take advantage of its alleged insufficiency upon the trial, but after conviction moved in arrest of judgment upon the ground that it failed to aver with sufficient particularity the details of the offence, and the time and place of its commission.

1. The principal alleged defect in the indictment is set forth in the third, fourth and fifth assignments of error, which charge that the indictment did not state facts which would constitute an offence against the laws; in that it did not allege that the defendant sold or offered for sale foreign or domestic distilled spirits, wines or malt liquors otherwise than as provided by law, or any of said liquors, or to whom said liquors were sold or offered for sale, and because it did not allege that defendants had sold or offered for sale any of said liquors in quantities less than five wine gallons at the same time, and because the indictment did not allege that the defendant had not paid $25, the amount of the tax provided by the statute, and generally, because the allegations of the indictment are only a legal conclusion, unsupported by

the primary and individualizing facts which constituted an offence, etc.

By section 16 of the act of February 8, 1875, c. 36, 18 Stat. 307, 310, under which defendant was convicted, it is provided that "any person who shall carry on the business of a . . . retail liquor dealer . . . without having paid the special tax as required by law . . . shall, for every such offence, be fined, etc.," and the first count of the indictment charged in the very words of this section that the defendant "did then and there wilfully, unlawfully and feloniously carry on the business of a retail liquor dealer without having paid the special tax therefor, as required by law, contrary to the statute in such case made and provided and against the peace and dignity of the United States of America."

Defendant insists that it was not sufficient to charge him with the offence in the language of the statute, but that the indictment should have set forth the particular facts which showed that he was a retail liquor dealer, and should also have averred that he had not paid the tax of $25 provided by law.

By section 18 of the same act retail dealers in liquor are required to pay a special tax of $25, and "every person who sells or offers for sale foreign or domestic distilled spirits, wines or malt liquors, otherwise than as hereinafter provided, in less quantities than five wine gallons at the same time, shall be regarded as a retail dealer in liquors."

The question presented for our consideration is whether it is sufficient to charge the offence in the language of the statute creating such offence and fixing the punishment therefor, or whether it is necessary to charge it in the language of the statute defining the business of a retail liquor dealer, averring that the defendant had done the acts therein stated without payment of the special tax, and had therefore rendered himself amenable to the punishment provided by the former section.

We do not undertake to say that the latter would not be a proper course, but we think an allegation in the language of the statute creating the offence is sufficient. We have no dis-

position to qualify what has already been frequently decided by this court, that where the crime is a statutory one it must be charged with precision and certainty, and every ingredient of which it is composed must be clearly and accurately set forth, and that even in the cases of misdemeanors the indictment must be free from all ambiguity, and leave no doubt in the minds of the accused and the court of the exact offence intended to be charged. *United States* v. *Cook,* 17 Wall. 168, 174; *United States* v. *Cruikshank,* 92 U. S. 542, 558; *United States* v. *Carll,* 105 U. S. 611; *United States* v. *Simmons,* 96 U. S. 360; *United States* v. *Hess,* 124 U. S. 483; *Pettibone* v. *United States,* 148 U. S. 197; *Evans* v. *United States,* 153 U. S. 584.

But we are of opinion that the statute in this case (section 16) does define the offence with the requisite precision, and that the pleader has chosen the safer course in charging it in the language of this section. The offence does not consist in selling or offering for sale to a particular person distilled spirits, etc., in less quantities than five gallons at one time, but in carrying this on as a business; in other words, in the defendant holding himself out to the public as selling or offering for sale, etc. While it has been sometimes held that proof of selling to one person was, at least, *prima facie* evidence of criminality, the real offence consists in carrying on such business, and if only a single sale were proven it might be a good defence to show that such sale was exceptional, accidental or made under such circumstances as to indicate that it was not the business of the vendor. *United States* v. *Jackson,* 1 Hughes, 531; *United States* v. *Rennecke,* 28 Fed. Rep. 847. It is quite evident that an indictment averring in the language of section 18 that the defendant sold or offered for sale the liquors named, without averring that he made this a business, and that he had not paid the special tax required by law, would be insufficient.

In addition to this, however, section 18, in defining retail dealers in liquors, declares that "every person who sells or offers for sale foreign or domestic distilled spirits, wines or malt liquors, *otherwise than as hereinafter provided,* in less

quantities than five wine gallons at the same time, shall be regarded as a retail dealer in liquors." The statute, by the use of the words "otherwise than as hereinafter provided," thus introduces an exception into the general words of the definition, and it might be open to doubt whether an indictment which charged only the selling or offering for sale in the language of this section should not also negative the fact that the sale was not within such exception. The general rule is that while the pleader is not bound to negative a a proviso, he is bound to aver that the defendant is not within any of the exceptions contained in the enacting clause of the statute. *United States* v. *Cook*, 17 Wall. 168; *Maxwell Land Grant Co.* v. *Dawson*, 151 U. S. 586, 604; *State* v. *Haden*, 15 Missouri, 447; *State* v. *Walsh*, 14 R. I. 507; *State* v. *Sommers*, 3 Vermont, 156, 157; *State* v. *Munger*, 15 Vermont, 290; *Thompson* v. *State*, 37 Arkansas, 408; *State* v. *O'Brien*, 74 Missouri, 549. The words "otherwise than as hereinafter provided" in this section probably refer to wholesale liquor dealers in distilled spirits, wholesale and retail dealers in malt liquors, brewers and others who are either exempt from taxation or pay a different tax, and if it were necessary to aver that the defendant was not within either of these exceptions, the indictment might be drawn out to an intolerable length. Upon the other hand, when it is averred in the language of section 16 that the defendant carried on the business of a retail liquor dealer without payment of a special tax, the description, though brief, is comprehensive, although section 18 may be referred to as defining the offence with more particularity. But we do not think it necessary to charge the offence in the language of the definition. If Congress had not defined a retail liquor dealer it would be proper to resort to a dictionary for a definition of this term; but it is no more necessary in one case than in another to charge the offence in the language of the definition.

The cases wherein it is held that an indictment in the exact language of the statute is not sufficient are those wherein the statute does not contain all the elements of the offence, as in

*United States* v. *Carll*, 105 U. S. 611, where a statute against passing counterfeit money failed to aver the scienter; but where the statute sets forth every ingredient of the offence, an indictment in its very words is sufficient, though that offence be more fully defined in some other section. *United States* v. *Gooding*, 12 Wheat. 460, 473; *United States* v. *Wilson*, Baldwin, 78, 119; *Hess* v. *State*, 5 Ohio, 5; *Harrington* v. *State*, 54 Mississippi, 490, 494.

Notwithstanding the cases above cited from our reports, the general rule still holds good that upon an indictment for a statutory offence the offence may be described in the words of the statute, and it is for the defendant to show that greater particularity is required by reason of the omission from the statute of some element of the offence. Where the statute completely covers the offence, the indictment need not be made more complete by specifying particulars elsewhere obtained. *Whiting* v. *State*, 14 Connecticut, 487; *Simmons* v. *State*, 12 Missouri, 268; *State* v. *Smant*, 4 Rich. (S. C., 356; *Parkinson* v. *State*, 14 Maryland, 184.

2. The only allegation of time and place in this indictment is that the offence was committed "on the — day of April, A.D. 1896, in the county of Appanoose, in the Southern District of Iowa."

Good pleading undoubtedly requires an allegation that the offence was committed on a particular day, month and year, but it does not necessarily follow that the omission to state a particular day is fatal upon a motion in arrest of judgment. Neither is it necessary to prove that the offence was committed upon the day alleged, unless a particular day be made material by the statute creating the offence. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient. *Armstrong* v. *State*, 145 Indiana, 609; *Gratz* v. *Commonwealth*, 96 Kentucky, 162; *United States* v. *Conrad*, 59 Fed. Rep. 458; *Fleming* v. *State*, 136 Indiana, 149; *State* v. *McCarthy*, 44 La. Ann. 323.

In the case under consideration the indictment was found on the 28th day of April, 1896, and the allegation is that the crime was committed "on the — day of April, 1896," which

must necessarily have been a day preceding the finding of the indictment. Under such circumstances, the defendant could not possibly have been misled by the allegation, particularly in view of the fact that the carrying on of a business is in the nature of a continuing offence; and while it is true that a business can be carried on only for a single day, the ordinary inference would be that it was carried on for a longer period. It would seem illogical to hold that, if the offence had been charged to have been committed upon a particular day in April, evidence could have been given of any day within the statute of limitations, and yet to hold that the defendant could be misled by an averment that the offence was committed on the — day of the month in which the indictment was found.

3. Much the same observations may be made with respect to the averment of place, which was simply "in the county of Appanoose, in the Southern District of Iowa, and within the jurisdiction of this court."

Properly speaking, the indictment should state not only the county, but the township, city or other municipality within which the crime is alleged to have been committed. But the authorities in this particular are much less rigid than formerly. Under the early English law, where the jurymen were also witnesses and were summoned from the vicinage, it was necessary that the locality of the crime should be stated with great particularity in order that the sheriff might be informed from what vicinage he should summon the jury. But this requirement was long since abolished in England by statute, and it is not now necessary there "to state any venue in the body of any indictment, but the county, city or other jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of such indictment." 1 Bish. Crim. Procedure, sec. 368.

While in this country it is usual to state the town as well as the county, it has not been generally deemed necessary to do so, and most of the authorities assume that an allegation is sufficient after verdict which shows it to have been done within the jurisdiction of the court. *Heikes* v. *Commonwealth,* 26 Penn. St. 513; *United States* v. *Wilson,* Baldwin, 78;

Carlisle v. State, 32 Indiana, 55 ; State v. Goode, 24 Missouri, 361 ; State v. Smith, 5 Harr. 490 ; Barnes v. State, 5 Yerg. 186 ; Covy v. State, 4 Port. 186 ; Wingard v. State, 13 Georgia, 396 ; State v. Warner, 4 Indiana, 604. Indeed, an indictment charging the offence to have been committed in one town is supported by proof that it was committed in a different town within the same county, and within the jurisdiction of the court. Commonwealth v. Tolliver, 8 Gray, 386 ; Commonwealth v. Creed, 8 Gray, 387 ; Carlisle v. State, 32 Indiana, 55 ; Commonwealth v. Lavery, 101 Mass. 207 ; People v. Honeyman, 3 Denio, 121.

We do not wish to be understood as approving the practice that was pursued in this case, or even as holding that this indictment might not have been open to special demurrer for insufficiency as to the allegations of time and place, but upon motion in arrest of judgment we think it is sufficient.

The judgment of the court below is

*Affirmed.*