# CORATOLA *v.* UNITED STATES.

CRIMINAL LAW; ASSAULT WITH INTENT TO KILL; INDICTMENT.

An indictment for an assault with intent to kill, which charges the offense in the words of the statute, is sufficient without setting forth the means or instrument used in attempting to perpetrate the crime, unless the killing was attempted by poisoning, drowning, etc., in violation of the statute, in which event it is necessary to allege the means to bring the offense within the statutory definition. (Construing § 803, D. C. Code, and following *Davis* v. *United States,* 16 App. D. C. 442.)

No. 1440. Submitted October 13, 1904. Decided November 1, 1904.

HEARING on an appeal by the accused from a judgment of

conviction of the Supreme Court of· the District of Columbia, entered upon the verdict of a jury in a criminal prosecution for assault with intent to kill.                         *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Tracy L. Jeffords, Mr. Edwin Forrest,* and *Mr. C. Carrington* for the appellant.

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. J. S. Easby-Smith,* Assistant United States Attorney, for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

The appellant, Luigi Coratola, was convicted in the supreme court of the District of Columbia of the crime of assault with intent to kill one Rosa Coroda.    There was a motion in arrest of judgment on the ground that the indictment, although stating the offense in the words of the statute, omitted to state the means wherewith the assault was committed, and therefore failed to state an indictable offense.    This motion was overruled, and judgment was rendered, and from this judgment the present appeal has been taken.

There is but a single question raised on the appeal,— that of the sufficiency of the indictment to state an indictable offense; and that question, it is conceded, was decided adversely to the contention of the appellant in the case of *Davis* v. *United States,* 16 App. D. C. 442.    There it was said by this court:

"As to the second objection taken, that the indictment fails to set forth the particular means or instrument used in the attempt to perpetrate the crime of killing the party assaulted. This objection we think is equally untenable as the first.    The statutory description of the offense is 'assault with intent to kill.' The statute does not require or designate any particular means to be used in order to constitute the offense.    The assault and intent to kill must concur; but it is not required that in the

indictment it shall be alleged and set forth with what means or instrument the killing was attempted to be perpetrated,— whether with gun, pistol, sword, knife, or club. If the statute had prescribed the means or manner of killing, as by poisoning or drowning, then it would be necessary to allege the means to bring the offense within the statute. But that is not the case here. In a case such as the present it is enough to charge the making of the assault coupled with the intent to kill; and the means employed in the attempt are matters of proof."

It is candidly admitted that, unless we overrule our decision in the case of *Davis* v. *United States,* or unless that decision has been modified by subsequent legislation or by subsequent decisions of the Supreme Court of the United States, the appellant has no standing here. We have no desire, and we see no reason, to modify in any manner the conclusion that was reached in the case of *Davis* v. *United States;* and we find nothing in subsequent legislation or in subsequent decisions of our tribunal of last resort that would warrant a different conclusion in the present case.

The offense in the *Davis Case* appears to have been committed in the year 1899 or prior thereto; and the indictment for it was found under §§ 1144 and 1150 of the Revised Statutes of the United States for the District of Columbia, then in force. It was decided in this court in May of 1900. The Revised Statutes were superseded by the Code in January of 1902; and § 803 and subsequent sections of the Code took the place of §§ 1144 and 1150 of the Revised Statutes. It is argued that the new enactments are such as to require a modification of the ruling in the *Davis Case.* But we find no change whatever in these new enactments that requires such modification. On the contrary, with the exception of a slight modification of the punishment, we regard the new law as identical in all material effects, so far as the case before us is concerned, with that which was in force when the *Davis Case* was decided.

Sections 1144 and 1150 of the Revised Statutes, omitting therefrom such matters as are not pertinent to the issue before us, provided that every person convicted in the supreme court

of the District of manslaughter, assault with intent to kill, arson, or any other of several crimes of a different character, thereafter enumerated, should be sentenced to suffer imprisonment and labor for certain specified periods.   Section 803 of the Code provides that "every person convicted of any assault with intent to kill, or to commit rape, or to commit robbery, or mingling poison with food, drink, or medicine, with intent to kill, or wilfully poisoning any well,.spring, or cistern of water, shall be sentenced to imprisonment for not more than fifteen years." And the other crimes provided for in § 1144 of the Revised Statutes are provided for in other sections of the Code.   It is contended that, because the framers of the Code, acting, perhaps, upon the suggestion in the language of this court in the *Davis Case,* distinctly enumerated the offense of "mingling poison with food, drink, or medicine with intent to kill" as a substantive offense, in the charge of which in an indictment the means or instrumentality used was required to be specified, therefore it was required to be charged in all indictments for assault with intent to kill, inasmuch as, in contemplation of law, although perhaps not in ordinary language or intendment, the mingling of poison with food, drink, or medicine with intent to kill is an assault with intent to kill.   But we fail to find any foundation in law for this contention.

This is not a case for the application of the maxim of *Noscitur a sociis,* which requires that meaning should be given to words and terms and provisions of law in accordance with the context in which they are found; nor is it a case where the generality of one clause of an enactment should be restricted in consequence of the enumeration in immediate connection therewith of specified particulars.   Unless we are prepared to go to the extreme and most absurd length of holding that, because the framers of the Code, after the general provision in regard to all attempts to kill, followed it up with a specification of the special attempt to kill by the mingling of poison with food, drink, or medicine, therefore this last offense so specified is now, under the Code, the only form of an attempt to kill which is punishable, the doctrine sought to be applied here on behalf of,

the appellant has no such application.    Plainly, all that the codifiers sought to do in this regard was to take from the ordinary category of attempts to kill a special and peculiar form of the offense and make it a distinct and independent crime.    We are unable to see how, by so doing, they nullified the remainder of their enactment, and revolutionized the practice and the requirements of law in the drawing of indictments.    Under the old law, as held in the case of *Davis* v. *United States,* heretofore cited, when the attempt to kill was by poison, it was necessary so to state in the indictment.    Such a case, by its very nature, was distinguished from other cases of attempts to kill.    How can it, with any propriety, be held that, because the legislature has thought proper to make special mention of this special attempt to kill, therefore it has radically changed all the requirements of an indictment for any other form of an offense to kill? We are of opinion that such a deduction from the statute would be most forced and unnatural, and not warranted by any rule or principle of the law.

It is also contended on behalf of the appellant that the decision in the case of *Davis* v. *United States* should be qualified in view of later decisions of the Supreme Court of the United States.    No such later decisions that have any bearing upon the question raised here are cited; and we do not find any.    The only late case in that court that is cited as having such a bearing is the case of *Ledbetter* v. *United States,* 170 U. S. 606, 42 L. ed. 1162, 18 Sup. Ct. Rep. 774.    But that case has no such effect, but rather the contrary.    Nor was it a later decision than the *Davis Case.*    It was, in fact, decided a year or two before the *Davis Case,* and in the consideration of that case was given the effect that was due to it.

We find no error in the record of this case; and the judgment appealed from must therefore be affirmed.    And it is so ordered.

*Affirmed.*