HAMILTON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. January 15, 1919.)

No. 5058.

1. PROSTITUTION ⊝4—WHITE SLAVE TRAFFIC—EVIDENCE TO SUPPORT CONVICTION.

Evidence *held* sufficient to sustain a conviction of defendant for violation of the White Slave Act (Comp. St. §§ 8812–8819).

2. CRIMINAL LAW ⊝829(1)—TRIAL—REFUSAL OF INSTRUCTIONS.

Refusal of requested instructions in a prosecution for violation of the White Slave Act (Comp. St. §§ 8812–8819) *held* not error, in view of the charge given.

3. CRIMINAL LAW ⊝1032(5)—REVIEW—HARMLESS ERROR—DEFECTIVE INDICTMENT.

Where no demurrer or motion to quash was interposed, nor the attention of the trial court otherwise called specifically to an alleged defect in the indictment, and it clearly was not prejudicial to defendant, the objection is not entitled to so favorable consideration by the appellate court as if it had been raised by demurrer.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Criminal prosecution by the United States against William A. Hamilton. Judgment of conviction, and defendant brings error. Affirmed.

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ralph F. Potter, of Chicago, Ill. (George I. Haight, James H. Wilkerson, and Edwin H. Cassels, all of Chicago, Ill., on the brief), for plaintiff in error.

Francis M. Wilson, U. S. Atty., of Kansas City, Mo. (William G. Lynch, Asst. U. S. Atty., of Kansas City, Mo., on the brief), for the United States.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

BOOTH, District Judge.  Writ of error, to review judgment after verdict convicting Hamilton of violation of White Slave Traffic Act of June 25, 1910 (36 Stat. 825, c. 395 [Comp. St. §§ 8812–8819]).

There were two counts to the indictment.  From the record it appeared without dispute that Hamilton and the girl with whom it was alleged the offense was committed had formed a casual acquaintance in the state of Kansas, August 21, 1916, and came from that state to Kansas City, Mo., over the Atchison, Topeka & Santa Fé Railway, on the evening of that day.  Thereafter and on the same evening the girl returned alone to Kansas City, Kan., by street railway, and immediately came back to Kansas City, Mo., also by street railway.  The first count was based upon the transportation from Kansas to Missouri on the Atchison Railway; the second count, upon the subsequent transportation from Kansas to Missouri on the street railway.  The defendant was acquitted on the first count, but convicted on the second count.

Errors relied upon may be grouped as follows:  First, as to the sufficiency of the evidence to justify the verdict;  second, as to admission of certain testimony;  third, as to refusals by the court to instruct the jury as requested by the defendant;  fourth, as to sufficiency of the indictment.

[1] First.  The evidence discloses the following facts:  August 21, 1916, a girl, not quite 18 years of age, living with her parents in Kansas City, Kan., walked to the neighboring town of Turner, in Kansas, to canvass for the sale of brushes, samples of which she had with her in a suit case.  After canvassing a part of the town she went to a small restaurant for dinner.  Defendant, a man of 45 years of age, resident of Kansas City, Mo., was in the restaurant at the time.  After dinner the girl left the restaurant and had gone a short distance, when defendant drove up in his automobile and asked her if she wished to ride.  She declined at first, but upon second invitation accepted, thinking, according to her testimony, that she would thus get to a part of the town which she had not canvassed.  Defendant was on his way to Lawrence, and persuaded the girl to go with him to that city.  On their return they stopped at De Soto and had supper.  Defendant put his automobile in a garage, and said they would go the rest of the way by train.  Defendant bought the railway tickets.  They got off at the Union Station, Kansas City, Mo., took a street car, the defendant paying the fares, and took transfers.  At a certain point they got off and defendant told her that she had better go back to Argentine, that

he did not have any place fixed for them to stay that night, that he would have to get rid of his bucket of samples, and by that time she would be over and back again and he would have a place fixed, and that if she would do that it would save trouble, if anything came up afterwards. Defendant gave her some change and a transfer, and she took the street car for Argentine, in Kansas. Defendant also gave her his telephone number, and told her, when she got over there, to call him.

The girl went to Argentine, called the defendant by telephone, and arranged to meet him at a certain point in Kansas City, Mo. She took the street car back to Kansas City, Mo.; the defendant met her as had been arranged by telephone, took her in an automobile, and after driving around some little time they stopped at a hotel. Defendant went in, left her at the foot of the stairs, went upstairs himself, and shortly came down and said it was all right; they went upstairs, and occupied a room together that night. The defendant had intercourse with her. The hotel clerk testified that the defendant and the girl came to the hotel on the night in question, and that the defendant registered them as man and wife, but under an assumed name.

Many of the foregoing facts are disputed by defendant, but are amply sustained. The evidence in the case was voluminous, and it would serve no useful purpose to discuss it at length. It is sufficient to say that it has been carefully considered, and our conclusion is that the verdict was fully justified.

Second. Mrs. Winterbower, an osteopathic doctor, witness for the defendant, testified that she made physical examination of the girl two or three days after the occurrences set forth above, that she found no evidence that intercourse had been had. Later the mother of the girl was called as a witness, and was asked whether, in the district attorney's office, the time being specified, she did not hear the doctor say that the hymen had been broken, and so far as she could tell the girl had had sexual intercourse. Objection was made that no foundation for impeachment of the doctor had been laid when she was upon the witness stand. Objection was overruled. While the precise words used in the question put to the mother were not specifically called to the attention of the witness doctor, yet the exact substance of the words was particularly called to her attention, and the time and place of the alleged statement. Under the circumstances there could have been no unfair surprise of the witness; we think the foundation laid was sufficient.

[2] Third. The requests made by the defendant to instruct the jury, which were refused by the court, may be divided into two groups. The first group relates to the proof of intent by circumstantial evidence. In the refused instruction set out in the fourth specification of error occurs the following:

"You cannot find that such intent existed at the time alleged, unless all the circumstances shown in the evidence which are necessary to establish such intent beyond a reasonable doubt are consistent with each other and inconsistent with any reasonable theory of the defendant's innocence of such intent."

255 F.—33

This requested instruction was rightly refused. In the first place, it was confusing, inasmuch as it furnished no criterion to determine what circumstances were necessary to establish the intent. In the second place, if its meaning was that all circumstances bearing upon the question of intent must be consistent with each other, it is not a correct statement of the law.

The eighth specification of error, bearing upon the same subject, is open to similar criticism.

In the refused instruction set out in the seventh specification of error occurs the following:

"To warrant a conviction of the defendant, he must be proven guilty so clearly and conclusively that there is no reasonable theory upon which he can be innocent, when all the evidence in the case is considered."

To tell the jury that, to warrant conviction, defendant must be proven guilty beyond a reasonable doubt, and then to follow it with an instruction as to reasonable theory, would tend to confuse, rather than to aid, the jury. The instruction requested was properly refused.

The second group of instructions requested and refused relates to the point of time at which the intent specified must have existed in the defendant's mind. The trial court at three separate times in its charge mentioned this matter and covered it accurately and fully. There was no occasion, therefore, to give the instructions requested.

[3] The remaining specification of error challenges the sufficiency of the second count of the indictment. The count read, so far as here material, as follows:

"That on or about the 21st day of August, A. D. 1916, at Kansas City, Jackson county, Missouri, * * * William A. Hamilton * * * did then and there unlawfully * * * persuade * * * Luzon Koppenhaver * * * from the state of Kansas * * * to the state of Missouri, * * * with the unlawful * * * purpose and intent * * * to induce * * * said Luzon Koppenhaver to engage in * * * sexual intercourse with him, * * * and the said William A. Hamilton * * * did then and there unlawfully * * * induce and cause her, the said Luzon Koppenhaver, to go and be carried and transported as a passenger in interstate commerce upon the line and route of the Kansas City Railways Company, from said city of Kansas City, in the state of Kansas, to the said city of Kansas City, in the state of Missouri. * * * *"

The objection was first raised after verdict, by motion in arrest of judgment, on the broad ground that:

"The said second count of said indictment does not charge a public crime under the laws of the United States."

The record fails to show that the real point now made in this court was at any time called to the attention of the trial court. The claim is this:

That "the second count of the indictment does not charge a public crime under the laws of the United States, in that it does not allege that the defendant induced or caused the girl in question to go and be carried or transported as a passenger in interstate commerce in furtherance of the purpose denounced by the statute."

The words "in furtherance of such purpose" are found in the statute, and might properly have been included in the indictment, and we

do not undertake to say that a demurrer to said count, or a motion to quash, on account of the omission of said words might not have been sustained.

But no demurrer or motion to quash was interposed, no motion made for a directed verdict on that ground, and no attention called specifically to the alleged defect at any time in the lower court.

It is clear from the record that there was no misunderstanding on the part of the defendant or his counsel as to the nature of the offense charged; that the evidence was ample as to every element of the offense to sustain conviction, and that there is no possibility that the judgment of conviction could not be successfully pleaded to any other prosecution under an indictment containing the omitted words, but covering the same transactions. Under these circumstances the defendant's contention as to the insufficiency of the second count of the indictment is not entitled to receive so favorable consideration as if it had been raised by demurrer. Connors v. U. S., 158 U. S. 408, 411, 15 Sup. Ct. 951, 39 L. Ed. 1033; Ledbetter v. U. S., 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162; Dunbar v. U. S., 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390; Clement v. U. S., 149 Fed. 305, 313, 79 C. C. A. 243; Ulmer v. U. S., 219 Fed. 641, 643, 134 C. C. A. 127.

Judgment of the court below is affirmed.