## HALE v. UNITED STATES
### No. 4160.

Circuit Court of Appeals, Fourth Circuit.
April 12, 1937.

George Richardson, Jr., of Bluefield, W. Va. (J. H. Gadd and Walter G. Burton, both of Princeton, W. Va., on the brief), for appellant.

L. R. Via, Asst. U. S. Atty., of Huntington, W. Va. (George I. Neal, U. S. Atty., of Huntington, W. Va., and Charles M. Love, Jr., Asst. U. S. Atty., of Charleston, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a criminal case wherein the defendant was convicted on one count of an indictment charging violation of the Harrison Act. The sufficiency of the count under which the conviction was had was challenged both by demurrer and by motion in arrest of judgment; and, as we are of opinion that it is defective, we need not consider any of the other questions raised by the appeal. The count in question is the sixth count and is as follows:

"That heretofore, to-wit, on or about the 10th day of September, A. D. 1934, at Princeton, County of Mercer, State of West Virginia, District aforesaid and within the jurisdiction of this Court, Luther F. Hale did knowingly, wilfully, unlawfully and feloniously sell, dispense and distribute to E. W. Cruise, alias R. E. Baker, derivatives of opium, to-wit: two (2) grains of morphine sulphate which were not then and there sold, dispensed and distributed in the original stamped package, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

This count of the indictment was drawn under 26 U.S.C.A. § 1043, which provides that "it shall be unlawful for any person to purchase, sell, dispense, or. distribute any of the drugs mentioned in section 1040 (a) except in the original stamped package or from the original stamped package." Wholesalers sell in the original stamped package, within the meaning of this section; retailers from the original stamped package. 26 U.S.C.A. § 1391 (c) (d). The initial language of section 1043 is in the form of an absolute prohibition of purchase or sale, but this is followed by an exception which permits those who have registered and paid the tax required of them to purchase or sell, provided they do so "in" the original stamped package or "from" the original stamped package. The exception is in the disjunctive, which means that one who is registered need not sell both "in" and "from" an original stamped package. Flowers v. United States (C.C.A. 8th) 83 F.(2d) 78. A sale of drugs does not constitute a crime under this particular section, therefore, even though it be made in an unstamped package, unless it be made also "from" an unstamped package. The count of the indictment was defective because, in addition to charging that the sale was not made in the original stamped package, it did not charge that such sale, which was a retail sale, was not made from an "original stamped package."

It is elementary that every ingredient of the crime must be charged in the bill, a general reference to the provisions of the statute being insufficient. The Schooner Hoppet & Cargo v. United States, 7 Cranch, 389, 3 L.Ed. 380; Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419; United States v. Standard Brewery, 251 U. S. 210, 40 S.Ct. 139, 64 L.Ed. 229. And "if the negation of an exception in the enacting clause of a statute is essential to accurately describe the offense, then the accusations of the indictment must show that the accused is not within the exception." Weare v. United States (C.C.A.8th) 1 F. (2d) 617, 620; United States v. Cook, 17 Wall. 168, 174, 21 L.Ed. 538; Ledbetter v. United States, 170 U.S. 606, 611, 18 S.Ct. 774, 42 L.Ed. 1162; 31 C.J. 720.

The exception here is in the enacting clause of the statute; and the negativing of both matters connected in the exception by the disjunctive was necessary to charge the commission of the crime which the statute denounced. It was no crime under this section to sell the drug otherwise than in an original stamped package, if the seller was within the protection of the other branch of the exception, i. e., if he made the sale from an original stamped package; and it was necessary to negative this as well as the other matter covered by the exception to charge the commission of a crime. As said by the Supreme Court in United States v. Cook, supra:

"Offences created by statute, as well as offences at common law, must be accurately

580

and clearly described in an indictment, and if they cannot be, in any case, without an allegation that the accused is not within an exception contained in the statute defining the offence, it is clear that no indictment founded upon the statute can be a good one which does not contain such an allegation, as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offence is composed. * * * Commentators and judges have sometimes been led into error by supposing that the words 'enacting clause,' as frequently employed, mean the section of the statute defining the offence, as contradistinguished from a subsequent section in the same statute, which is a misapprehension of the term, as the only real question in the case is whether the exception is so incorporated with the substance of the clause defining the offence as to constitute a material part of the description of the acts, omission, or other ingredients which constitute the offence. Such an offence must be accurately and clearly described, and if the exception is so incorporated with the clause describing the offence that it becomes in fact a part of the description, then it cannot be omitted in the pleading, but if it is not so incorporated with the clause defining the offence as to become a material part of the definition of the offence, then it is matter of defence and must be shown by the other party, though it be in the same section or even in the succeeding sentence."

For the reasons stated, we think that the sixth count of the indictment is insufficient and that the motion in arrest of judgment should have been allowed. And in this connection, we would note that the defect in this count of the indictment is by no means a mere technical defect, but, as the record shows, was but one expression of a fundamental misconception as to the law applicable to the offense therein charged. In the trial of the case, there was positive testimony that sales by the defendant were made from an original stamped package. The sales charged in the sixth count were denied by defendant, but, if made, they were retail sales with nothing to show that they were not made from an original stamped package. Nevertheless, the jury were instructed that if they believed that the defendant made the sales, they should convict him, their minds not being directed to the elements of the crime charged which distinguished it from sale without prescrip-

tion. No exception was taken to this portion of the charge, and we advert to it only for the purpose of showing that the defect in the indictment was not a mere technical matter, but was based upon a fundamental misconception of the crime charged which affected the trial before the jury.

The judgment appealed from will accordingly be reversed.

Reversed.