### UNITED STATES v. DEARDORFF.
#### No. 10011.

District Court, M. D. Pennsylvania.
Sept. 5, 1941.

Arthur A. Maguire, Asst. U. S. Atty., of Scranton, Pa., for United States.

W. Burg Anstine, of York, Pa., for defendant.

JOHNSON, District Judge.

On June 4, 1940, the United States of America filed a criminal information in 33 counts against the defendant, doing business under the name and style of Reliable Transfer of York, charging violations of the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq. Counts 1 to 30 charge the defendant with offering, granting and giving rate concessions, contrary to section 222(c) of the Act, and counts 31 to 33 charge him with engaging as a common carrier in interstate operation beyond the limits of his certificate of public convenience and necessity, contrary to sections 206 (a) and 222 (a) of the Act. The case was tried before the court and a jury and a verdict of guilty rendered on all counts except 6, 7, 9, 13, and 26. Defendant has moved for a new trial, assigning 33 reasons therefor.

Reasons 1, 2 and 3 allege that the verdict is against the law, the evidence and the charge of the court. These reasons will be considered under the specific assignments of error.

Reason 4 alleges that the verdict is inconsistent. There is no merit in this contention. Counts 6, 7, 9, 13 and 26, on which defendant was acquitted, charged transportation of mahogany rubber slabs at a rate less than the published tariff. The rate to be charged was dependent upon the method of packing, and there was conflicting testimony how these slabs were packed for shipment. It may be that there was a reasonable doubt in the minds of the jury whether the defendant knowingly and wilfully granted rate concessions on rubber slabs. No other count in the information charged rate concessions on these rubber slabs.

Reason 5 is simply a reservation of the right to file additional reasons for a new trial after transcription of the evidence.

Reason 6 alleges error in allowing the United States on count 12 to prove a shipment of linseed oil on September 1, 1939 when the information alleges the shipment on September 9, 1939. Count 12 describes the consignor, the consignee, the goods shipped, shipment on September 9, 1939, and payment on September 14, 1939. The United States offered evidence to prove a shipment on September 1, 1939, invoice from defendant on September 9, 1939, and payment by check dated September 14, 1939: U. S. Exhibits # 1, 2, 3. The defendant could not possibly have been misled by the allegation in the information, because the other details in the transaction were identical in allegation and proof. There was not a material variance between the date alleged and proved, and there was no error here. See Ledbetter v. United States, 170 U.S. 606, 612, 18 S. Ct. 774, 42 L.Ed. 1162.

Reasons 7 to 16 allege error in the admission of certain testimony and exhibits "when there was no proof that the defendant had personally directed, authorized, or had personal knowledge, directly or indirectly" of the matters testified to or sought to be proved by the exhibits. The evidence produced at the trial, with the inferences and deductions reasonably to be drawn from it, was sufficient to warrant the jury in finding that the defendant had personal knowledge of the matters in controversy, personally directed and authorized the procedure in the operation of the business of Reliable Transfer of York, and knowingly and wilfully violated the Motor Carrier Act of 1935: See testi-

mony of Fern Hewit, former bookkeeper of defendant, Trial Record, pages 160–165; testimony of Jack Heimberger, former manager and solicitor for defendant, Trial Record, pages 46–49, 52, 53, 62, 64–67; testimony of Evelyn Kener, former bookkeeper and office clerk for defendant, Trial Record, pages 221–223. There was no error in the admission of the testimony and exhibits referred to in reasons 7 to 16.

■ Reasons 17 to 22 allege error in the admission of certain testimony and exhibits because they did not prove or tend to prove that the defendant carried goods in interstate commerce beyond the limits authorized, or that the defendant had knowledge that the same was done by his agents or employees. The testimony and exhibits were offered to prove counts 31 to 33 of the information. Testimony and records were offered on each count by the consignor and consignee to prove shipment, delivery and transportation by the defendant carrier. The exhibits were checks, bills of lading, invoices, receipts and vouchers for the shipments. All were competent to prove shipment and receipt of goods transported by the defendant carrier, and payment to the defendant. The evidence produced at the trial, with the inferences and deductions reasonably to be drawn from it, was sufficient to warrant the jury in finding that the defendant had personal knowledge of these shipments beyond his authorized territory, that he personally directed and authorized this procedure, that there was more than an occasional deviation, and that he knowingly and wilfully violated the Motor Carrier Act of 1935. See testimony of Hilliare P. Wardwell, Special Agent for the Bureau of Motor Carriers, Interstate Commerce Commission, Trial Record, pages 92, 93, 96, 97; testimony of Robert A. Hitch, Special Agent for the Interstate Commerce Commission, Trial Record, page 168; testimony of Fern Hewit, Jack Heimberger, and Evelyn Kener, supra, that defendant personally conducted the business operations of Reliable Transfer of York. The admission of the testimony and exhibits referred to in reasons 17 to 22 was not error.

There is no reason 23.

■ Reason 24 alleges error in the admission of United States Exhibit # 66, a summary prepared by Special Agent Wardwell of information found by him in defendant's office records, because it contained facts and figures not properly proved by the United States. This reason further alleges that these facts and figures "were therefore evidence manufactured by the United States". The exhibit was prepared by the witness Wardwell from the business records in defendant's main office at York, Pennsylvania, and was a summary of facts and figures found there. There is no doubt that in a complicated case a government expert may testify from a summary he has made of voluminous records. Paschen v. United States, 7 Cir., 70 F.2d 491; McNeil v. United States, 66 App.D.C. 199, 85 F.2d 698; Cooper v. United States, 5 Cir., 91 F.2d 195. Neither is there any doubt that the summary so made and proved by the witness is admissible in evidence: Paschen v. United States, 7 Cir., 70 F.2d 491, 501. A careful study of the entire trial record shows clearly that there is no basis at all for this objection. Defendant argues that the United States never proved the date of shipment in count 8. There is direct evidence on this point by Florence Keyser, bookkeeper for the Hagerstown Rubber Company: Trial Record, page 28. See, also, United States Exhibits # 34, 66. Defendant argues that the United States never proved the number, unit and description of the shipment in count 16. There is evidence of this in United States Exhibit # 66. See also, admission of defendant, Trial Record, page 19. Defendant argues that the United States never proved the weight in pounds of shipments in counts 16 and 22, nor the total charges in those counts. There is evidence of this in United States Exhibit # 66. See, also, admission of defendant, Trial Record, page 19. Defendant argues that the United States never proved the rate in cents per one hundred pounds of shipments in counts 13 to 17, 19, 20, 22, 23, 25 to 28, and 30. Defendant has no reason to object concerning counts 13 and 26, for he was acquitted on those counts. On all the other counts listed, except 16 and 22, defendant admitted at trial the rate in cents per one hundred pounds on all these shipments, and admitted that these were the rates billed by and received by the defendant: Trial Record, pages 30–34. See also, United States Exhibits # 59, 66. There was no error in the admission of United States Exhibit # 66.

■ Reason 25 alleges error in submitting to the jury the question of defend-

ant's guilt on counts 31 to 33. The basis is the same as that discussed under reasons 17 to 22 above, and the answer is the same.

█ Reasons 26 and 27 allege error in allowing Alfred E. Reed, a witness for the United States, to testify concerning the requirements of the Motor Carrier Act, and in allowing him to answer a question whether a person could carry freight in interstate commerce without a certificate of public convenience from the Interstate Commerce Commission. Mr. Reed has been an employee of the Interstate Commerce Commission since 1937, and has engaged in traffic and transportation work for the past quarter of a century. His statements concerning the requirements of the Act were explanatory of his testimony and of the procedure under the Act. The court did not desert its duty to instruct the jury upon the law, but carefully fulfilled that duty in its charge, to which no exception was taken, and no additional instruction asked. No prejudicial error resulted from the admission of Mr. Reed's testimony.

█ Reasons 28 and 29 allege error in the admission of United States Exhibits # 40 and # 65. Exhibit # 40 was a Photostatic copy of a carbon copy of a letter found in defendant's business files. Exhibit # 65 was a photostatic copy of another paper found in defendant's files. The originals were subpœnaed and called for at trial, but not produced by the defendant. The agent who made the photostats was called and testified that they were made from papers found in defendant's business files at his office in York, Pennsylvania. There was evidence offered to warrant the jury in finding that the originals had been satisfactorily accounted for and that delivery of the letter had been proved. The originals were admissible as writings or records made in the regular course of business, and in the absence of the originals being explained, photostatic copies properly proved were admissible: See 28 U.S.C.A. § 695; testimony of Hilliare P. Wardwell, Special Agent, Trial Record, pages 84–88; testimony of J. B. Reynolds, President of Hagerstown Rubber Company, Trial Record, pages 178–191. There was no error in the admission of these exhibits.

█ Reasons 30 and 32 allege error in refusing defendant's motions for a directed verdict, made at the conclusion of the prosecution's testimony, and defendant's motion for binding instructions made in defendant's fifth request for charge to the jury. The basis here is the same as that discussed in the various foregoing reasons. There was sufficient credible evidence produced to send the case to the jury. Therefore, these reasons afford no basis for a new trial.

█ Reason 31 alleges error in allowing the testimony of Evelyn Kener, former bookkeeper and office clerk for the defendant, to be introduced by the United States as rebuttal. The court has a wide discretion concerning the order of proof at trial, and there was no abuse of discretion here. Furthermore, the testimony of Miss Kener was proper rebuttal to testimony offered by the defendant's witnesses. See 3 Jones on Evidence, pages 1490–1500; Goldsby v. United States, 160 U.S. 70, 74, 16 S.Ct. 216, 40 L.Ed. 343. This reason states no ground for a new trial.

█ Reason 33 alleges error in the manner of polling the jury at defendant's request. The Trial Record, pages 237–241, shows the careful manner in which the jury was polled. The court took every reasonable precaution to protect defendant's rights. Counsel for the defendant did not argue this point at the hearing upon the motion for a new trial but it argued vigorously immediately following the verdict. No authorities have been cited to show the error of the court, and the authorities all sustain the action of the court. "The party has no right to dictate the manner in which the jury shall be polled": Abbott, Criminal Trial Practice, page 1384. See, also, Abbott, supra, pages 1381–1385; 16 C.J. pages 1098, 1099; 23 C.J.S., Criminal Law, § 1392, pages 1070–1072; Commonwealth v. Schmous, 162 Pa. 326, 336, 337, 29 A. 644.

█ No substantial error is disclosed after careful examination of all of defendant's reasons for a new trial, and a careful study of the entire record. The defendant had a full and fair trial, and was given the benefit of every reasonable doubt. The court's charge to the jury was full and complete, no exceptions were taken to it, and no further explanations or instructions were requested. Consequently, the motion for a new trial must be overruled and a new trial refused.