**UNITED STATES v. RUSE.**

Cr. No. 13728.

United States District Court
W. D. Pennsylvania.

June 9, 1953.

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert A. Jarvis, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter relates to a motion to dismiss an indictment, or in the alternative for a bill of particulars.

The defendant, Milo Kelmer Ruse, who was President and a Director of the First National Bank at Point Marion, was charged with misapplication of the funds and false entry in the records of said bank.

The defendant's motion challenges the sufficiency of the allegations of fact in the indictment, advancing the thesis that the indictment is not supported by the essential constituent facts, but at most charges a noncriminal maladministration of the affairs of the bank.

The misapplication counts of the indictment were drawn pursuant to Title 18, section 656 of the Act of Congress which provides substantially as follows:

"Whoever, being an officer, director, * * * of * * * any Federal Reserve Bank, * * * embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the cus-

tody or care of such bank or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined * * *."

The false entry count of the indictment was drawn pursuant to Title 18, section 1005 of the Act of Congress which provides substantially as follows:

"Whoever, being an officer, director, * * * of any Federal Reserve bank, * * * national bank * * * makes any false entry in any book, report, or statement of such bank with intent to * * * defraud such bank, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such bank, or the Comptroller of the Currency, or the Federal Deposit Insurance Corporation, or any agent or examiner appointed to examine the affairs of such bank, or the Board of Governors of the Federal Reserve System—Shall be fined * * *."

The indictment which was drawn under the provisions of the above recited statutes must be tested in the light of the appropriate provisions of rule 7 of the Rules of Criminal Procedure, 18 U.S.C.A. rule 7, which provides, inter alia:

"The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means."

### Motion to Dismiss

 It should be noted that each count not only charges an offense in the exact wording of the statute, 18 U.S.C.A. §§ 656, 1005, but also describes in detail how and when the alleged offenses were committed.

The requisites of rule 7(c) of the Federal Rules of Criminal Procedure have been fully satisfied in that the "essential facts constituting the offense charged" are stated. 18 U.S.C.A. rule 7(c).

While it is doubtless true that it is not always sufficient to use simply the language of the statute in describing the offense, yet if such language is, according to the natural import of the words, fully descriptive of the offense, then ordinarily it is sufficient. Potter v. United States, 155 U.S. 438, 15 S.Ct. 144, 39 L.Ed. 214; Taran v. United States, 8 Cir., 88 F.2d 54; Ledbetter v. United States, 170 U.S. 606, 607, 18 S.Ct. 774, 42 L.Ed. 1162.

The counts relating to abstraction of funds of the National Bank allege a specified amount, and charge an unlawful and wilful conversion to the use of defendant. What defendant did with said funds is immaterial. The alleged offense was completed when the abstractions occurred.

The counts alleging misapplication and embezzlement are specific and clear.

### Motion for Bill of Particulars

 A motion for a bill of particulars, in a criminal proceeding, is addressed to the trial court's discretion. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Mesarosh, D.C., 13 F.R.D. 180.

Upon a review of the specific counts, it is my judgment that they speak with sufficient particularity to apprise the defendant of the crime charged to enable him to properly prepare his defense.

The government is not required to furnish the defendant in advance with the government's evidence. Mulloney v. United States, 1 Cir., 79 F.2d 566. Nor is an indictment required to set forth a myriad of details or satisfy every objection which human ingenuity may devise. It is sufficient if it charges every substantial element of the offense, and at the same time apprises the accused of the charge against him in such a manner that he can prepare his defense without being taken by surprise, and to inform the court of the charges so that it may decide whether they are sufficient in law to support a conviction. Woolley v. United States, 9 Cir., 97 F.2d 258; United States v. Shindler, D.C., 13 F.R.D. 292; United States v. Krepper, 3 Cir., 159 F.2d 958.

An appropriate Order is entered.