COLLOTON, Circuit Judge, dissenting. The court takes the extraordinary step of reversing Thomas McDill’s convictions based on a claim that McDill has never raised—not before the magistrate judge who tried his case, before the district judge who reviewed the convictions in a first appeal, or before this court on a second appeal, either in his opening brief, his supplemental brief filed by counsel, or at oral argument. Ordinarily, when a defendant raises an issue that was forfeited in the trial court, the defendant bears the burden to show an obvious error that affected his substantial rights and seriously affects the fairness, integrity, .or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 736-37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The majority, having assumed the role of advocate for the defense, fails to carry its burden here. The majority’s theory is that the magistrate judge violated McDill’s constitutional rights by effecting a “constructive amendment” of the charges against him. The magistrate judge found him guilty of threatening, intimidating, or interfering with Forest officers, but the majority insists that McDill was informed only that he was accused of “interfering” with the officers. The. problem of “constructive amendment” derives from the decisions in Ex Parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), and Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). In those cases, the Court established that “after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself.” Stirone, 361 U.S. at 215-16, 80 S.Ct. 270. The Fifth Amendment provides, with-a couple exceptions, that no person shall be held to answer for an “infamous crime, unless on a presentment or indictment of a Grand Jury.” If an indictment is broadened without action by a grand jury, then the action would place “the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney.” Stirone, 361 U.S. at 216, 80 S.Ct. 270 (quotation omitted) The Fifth Amendment is inapplicable here. McDill was charged with petty offenses. The trial of a petty offense may proceed on a citation or violation notice. Fed. R. Crim. P. 58(b). McDill had no right to an indictment, and decisions concerning constructive amendment of an indictment are not germane. The majority’s effort to apply United States v. Novak, 217 F.3d 566, 574 (8th Cir. 2000), with an altered quotation that omits Novak’s, reference to the grand jury, is misleading and unpersuasive.[2] The Sixth Amendment’s notice requirement does apply to petty offenses, so McDill enjoyed the right “to be informed of the nature and cause of the accusation” against him. It has long been recognized, however, that informing an accused in the terms of a statute, without setting forth any particulars of the manner or means, is generally sufficient to satisfy this constitutional provision. Armour Packing Co. v. United States, 209 U.S. 56, 84, 28 S.Ct. 428, 52 L.Ed. 681 (1908); Ledbetter v. United States, 170 U.S. 606, 612, 18 S.Ct. 774, 42 L.Ed. 1162 (1898); United States v. Gooding, 25 U.S. 12 Wheat. 460, 474, 6 L.Ed. 693 (1827); Taran v. United States, 88 F.2d 54, 56-57 (8th Cir. 1937). The government charged McDill with petty offenses in two handwritten violation notices. In the box for “Offense Charged,” both notices stated “36 CFR 261.3(c).” That provision, which is readily available on the Internet, states that the following is prohibited: “Threatening, intimidating, or intentionally interfering with any Forest officer ... while engaged in, or on account of, the performance of duties for the protection, improvement, or administration of the National Forest System or other duties assigned by the Forest Service.” 36 C.F.R. § 261.3(c) (2013). McDill was thus informed of the elements of the charges by reference to the regulation. In her ruling, the magistrate judge found beyond a reasonable doubt that McDill was guilty of intimidating, interfering with, or threatening officers of the Forest Service. The finding matched the offense charged. McDill was properly informed of the nature and cause of the accusation. In accordance with Federal Rule of Criminal Procedure 58(b)(2), McDill also made an initial appearance on the petty offenses, at which time the magistrate judge was required to inform him of the charges. McDill produced no evidence to suggest that the magistrate judge did not inform him that he was charged, in the terms of the regulation, with threatening, intimidating, or intentionally interfering with any Forest officer. When the magistrate judge was asked during trial to explain the focus of the proceedings, she gave that precise information to McDill: “The focus of the proceedings are whether you threatened, intimidated, or intentionally interfered with the forest officer while they were engaged in the performance of their duties or on account of the officer’s duties.” The majority attempts to manufacture an error based on a separate portion of the violation notices. As noted, both notices informed McDill that the “Offense Charged” was 36 C.F.R. § 261.3(c). The notices also each include a box entitled “Offense Description” that bears an officer’s handwriting. One notice says “Intentionally Interfering w USFS Employee in Process of Her Duties”; the other states “Harassment & Interference w/ USFS Employee in Process of Her Duties.” From these notices, the majority concludes summarily that “the citations charged McDill with harassment (which is not prohibited by § 261.3(c)) and interference.” Ante, at 632. The majority then apparently deems it obvious that McDill was not informed that he was charged with “intimidating” a Forest officer. The majority’s own analysis, however, betrays its weakness. That one citation described the offense as “harassment”—a term not used in the regulation—shows that the “Offense Description” is not a statement of the charge against McDill. The statement of the charge, fittingly, appears in the .box entitled “Offense Charged.” The offense charged was threatening, intimidating, or intentionally interfering with a Forest officer, as set forth in 36 C.F.R. § 261.3(c). The “Offense Description” provides a brief statement of facts, sometimes called the manner or means, by which the cited party committed the charged offense. The officer’s “Offense Description” does not obviously narrow the “Offense Charged” on either notice. Harassment or interference of a certain degree can amount to intimidation. The magistrate judge reiterated during trial that McDill was charged according to the elements of the regulation, and McDill has not shown that he was otherwise informed at his initial appearance. At a minimum, there is no plain and obvious violation of the Sixth Amendment. The majority’s argument fails at the next step of plain-error analysis too. To justify relief, McDill (or here, the majority) must show that there is a reasonable probability that the alleged error affected the outcome of the trial. This was a straightforward trial of two petty offenses. The magistrate judge reminded McDill early in the trial, during the testimony of the second of nine witnesses, that “[w]hat I want to know is did you threaten, intimidate, or intentionally interfere with a Forest Service officer.” McDill cross-examined the prosecution witnesses about his interactions with them and testified in his own defense. He had ample opportunity to elicit evidence that he did not intimidate the officers and no reason to forego presenting any such evidence. There is no reasonable probability that a different “Offense Description” on the citations would have changed the outcome of the trial. There is yet another problem with the majority’s approach under the fourth prong of plain error review. The plain-error rule is permissive, not mandatory, and it should be employed to avoid miscarriages of justice. See Olano, 507 U.S. at 735-36, 113 S.Ct. 1770; Fed. R. Crim. P. 52(b). Although the majority hypothesizes that McDill was “unfairly surprised” when the prosecution argued that he “intimidated” the Forest officers, McDill has never once made that claim. If McDill does not realize that he was surprised, then leaving his convictions in place would not seriously affect the fairness, integrity, or public reputation of judicial proceedings. To the contrary, as we said in United States v. Kent, 531 F.3d 642 (8th Cir. 2008), to vacate a conviction under these circumstances “would blur the line between an adversarial and inquisitorial system of justice,” and “would adversely affect the integrity and public reputation of the proceedings.” Id. at 656-57 (internal quotation omitted). There is no plain error warranting discretionary relief. McDill does raise a different claim on appeal, but it lacks merit. McDill argues that there was insufficient evidence to support the convictions for intimidating Forest officers because he did not intend to intimidate them. Citing Elonis v. United States, — U.S.-, 135 S.Ct. 2001, 192 L.Ed.2d 1 (2015), McDill contends that the court should read into 36 C.F.R. § 261.3(c) a mens rea requirement that an offender must intend to threaten, intimidate, or interfere with a Forest officer. Elonis is inapposite. That decision concerns how to interpret a text that is silent on the mental state required for a criminal offense: “When interpreting federal criminal statutes that are silent on the required mental state, we read into the statute only that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct.” Elonis, 135 S.Ct. at 2010 (internal quotations omitted). The regulations at issue here are not silent on the required mental state. The Forest Service regulations are explicit that “[ujnless an offense set out in this part specifies that intent is required, intent is not an element of any offense under this part.” 36 C.F.R. § 261.1(c) (emphasis added). Section 261.3(c) does not specify that intent to intimidate is required, so intent is not an element of McDill’s offenses. Under § 261.3(c), intimidation is determined by an objective standard. See United States v. Hoff, 22 F.3d 222, 223 (9th Cir. 1994) (per curiam). We have explained in connection with another offense that “intimidation” is conduct reasonably calculated to put another in fear, as measured by an ordinary, reasonable person standard. United States v. Yockel, 320 F.3d 818, 824 (8th Cir. 2003). The majority asserts, ante, at 634, that Elonis is not inapposite, because “there is a serious issue” whether the Forest Service was permitted to adopt a rule punishing threats and intimidation without a mens rea element. It bears repeating, however, that the opinion in Elonis, including the very sentence quoted by the majority, addresses only texts that are “silent on the required mental state.” 135 S.Ct. at 2010 (emphasis added). Elonis says nothing about courts imposing a mens rea requirement that lawmakers expressly declined to include. The Court elsewhere has established that lawmakers need not make scienter an element of every offense. Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) (“We do not go with Blaekstone in saying that ‘a vicious will’ is necessary to constitute a crime, for conduct alone without regard to the intent of the doer is often sufficient. There is wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition.”) (citation omitted); Williams v. North Carolina, 325 U.S. 226, 238, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945) (“The objection that punishment of a person for an act as a crime when ignorant of the facts making it so, involves a denial of due process of law has more than once been overruled.”); United States v. Balint, 258 U.S. 250, 251-52, 42 S.Ct. 301, 66 L.Ed. 604 (1922) (“While the general rule at common law was that the scienter was a necessary element in the indictment and proof of every crime, ... there has been a modification of this view in respect to prosecutions under statutes the purpose of which would be obstructed by such a requirement. It is a question of legislative intent to be construed by the court.”); Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 70, 30 S.Ct. 663, 54 L.Ed. 930 (1910) (“[Pjublic policy may require that in the prohibition or punishment of particular acts it may be provided that he who shall do them shall do them at his peril, and will not be heard to plead in defense good faith or ignorance.”). And McDill has never disputed that the Forest Service permissibly promulgated § 261.3(c) based on a delegation of authority under 16 U.S.C. § 551. See generally Loving v. United States, 517 U.S. 748, 768, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996); United States v. Grimaud, 220 U.S. 506, 518, 31 S.Ct. 480, 55 L.Ed. 563 (1911); United States v. Brown, 364 F.3d 1266, 1276 (11th Cir. 2004). Insofar as McDill argues on appeal that there was insufficient evidence that he intimidated the Forest Service officers under an objective standard, the district court correctly rejected the contention. There was ample evidence in the testimony of Forest officers Hudson and Lipp to support the magistrate judge’s finding that McDill’s conduct was objectively intimidating. As the district court put it, the evidence supported a reasonable finding that “McDill’s conduct went beyond frustration and criticism of the Forest Service Personnel into the realm of criminal conduct expressly prohibited by § 261.3(c).” I would therefore affirm the judgment.[3] . Novak, quoted selectively by the majority, ante, at 631, states that a constructive amendment "occurs when the essential elements of the offense set forth in the indictment are [altered, either actually or in effect,] by the prosecutor or the court after the grand jury has passed upon them." 217 F.3d at 574 (emphasis added; brackets in original; internal quotation omitted). . McDill argues for the first time on appeal that § 261.3(c) is unconstitutionally vague and overbroad. The Ninth Circuit has rejected an analogous contention, United States v. Murphy-Ellis, 47 Fed.Appx. 488, 489 (9th Cir. 2002), and the magistrate judge did not plainly err by declining to declare the regulation unconstitutional sua sponte.